■ CLIFTON STEEL CORPORATION, Plaintiff, v COUNTY OF MONROE PUBLIC WORKS DEPARTMENT, Defendant; ROBERT F. HYLAND & SONS, INC., et al., Respondents, and MORIN BUILDING PRODUCTS COMPANY, INC., et al., Appellants. (Action No. 1.) (And a Third-Party Action.)—Order unanimously reversed on the law with costs, motion for summary judgment in favor of respondent Hyland denied, and summary judgment granted in favor of appellant Morin, in accordance with the following memorandum: In a prior appeal in this case (*Clifton Steel Corp. v County of Monroe Pub. Works Dept.,* 120 AD2d 924), we held that the language in a payment requisition form signed by Morin Building Products Company, Inc. was ambiguous and did not operate as a release of a claim for damages for delay as a matter of law. In reversing the trial court's grant of summary judgment in favor of Robert F. Hyland & Sons, Inc., we found that the disputed clause raised an issue of fact.

The court conducted a hearing at which the only witness who testified was George F. McDuffe, vice-president and secretary/treasurer of Morin. The witness testified to his familiarity with the terminology used in documents in the construction industry and his interpretation, in the light of his experience, of the disputed clause. Hyland offered no proof, but simply argued, as it had on the earlier appeal, that the clause is a clear and unambiguous release of all claims, including a claim for damages for delay, a position with which this court

had earlier disagreed. After the hearing, the court once again granted summary judgment to Hyland, dismissing Morin's cross claim for damages for delay. This was error.

Based on the record before us, we hold that the disputed clause in this case does not release a claim for damages for delay. Hyland has failed to offer any proof in support of its contention to the contrary. As noted in our prior decision, the disputed clause was prepared by Hyland "and any ambiguity in the interpretation of the language contained therein must be construed against the drafter" *(Clifton Steel Corp. v County of Monroe Pub. Works Dept., supra,* at 924).

We have searched the record on two appeals concerning this matter and elect to exercise our jurisdiction to grant summary judgment in favor of Morin, dismissing Hyland's first affirmative defense of release *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111; CPLR 3212 [b]). The parties should proceed to trial on Morin's cross claim in an expeditious manner. (Appeal from order of Supreme Court, Monroe County, Tillman, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Green and Balio, JJ.