OPINION OF THE COURT
Thomas A. Stander, J.
The parties in the above-captioned actions, Great Lakes *285 Contracting, Inc. (Great Lakes) and Allied Builders, Inc. (Allied), submitted various motions which were argued and decided on November 7, 1997. At such oral argument the parties’ attorneys agreed to consolidate these two actions. By order of November 19, 1997 the actions were consolidated and the court required additional memoranda of law on the issue of which party has a plaintiffs priority. The only issue pending is this question of which party has a plaintiffs priority.
Both parties agree with the general proposition that upon the consolidation of two separate actions, the party whose action was commenced first is given the right to open first and close last at trial. (Burger v Long Is. R. R. Co., 24 AD2d 509 [2d Dept 1965]; Lehman v Dictograph Prods., 5 AD2d 688 [2d Dept 1957].) In the instant case the action noted as Action No. 1, entitled Great Lakes Contr. v Allied Bldrs. (index No. 96/ 5357), was commenced by the filing of the summons and complaint in the Monroe County Clerk’s Office on June 10, 1996. The action noted as Action No. 2, entitled Allied Bldrs. v Great Lakes Contr. (index No. 96/7903), was commenced by the filing of the summons and complaint in the Monroe County Clerk’s Office on August 12, 1996. Upon initial inspection, and in accordance with the accepted law, it appears that Great Lakes Contracting, Inc., would be in the position of plaintiff.
However, Allied asserts that it is entitled to plaintiffs priority upon consolidation because it had filed a summons and complaint against Great Lakes in March 1996 with index No. 96/2250 (herein Action A) and then, when service was not accomplished, commenced a new action, Action No. 2, pursuant to CPLR 306-b (b). Allied alleges that based upon the initial filing of the summons and complaint in Action A, an action was commenced which affords Allied priority.
“In an action which is commenced by filing, a claim asserted in the complaint is interposed against the defendant * * * when:
“1. the summons and complaint * * * is filed [with the clerk of the court.]” (CPLR 203 [c] [1].)
The initial Action A (index No. 96/2250) commenced by Allied and with the same caption as Action No. 2 was stamped received by the Monroe County Clerk’s Office on March 6, 1996. “Proof of service of the summons and complaint * * * shall be filed * * * within one hundred twenty days after the date of filing of the summons and complaint * * * If proof of service is not filed and there has been no appearance by the defendant
*286 within the time provided in this section for filing proof of service, the action * * * shall be deemed dismissed” (CPLR 306-b [a]).[1] Allied, the plaintiff in Action A (index No. 96/2250), never complied with the service filing requirements of CPLR 306-b. Therefore, after the 120 days had lapsed this initial Action A (index No. 96/2250) was “deemed dismissed * * * without prejudice”. (CPLR 306-b [a].)
Thereafter, Great Lakes commenced Action No. 1 (index No. 96/5357) against Allied. Following that Allied commenced Action No. 2 pursuant to CPLR 306-b (b) within 120 days of the dismissal of Action A (index No. 96/2250).[2]
The statute, CPLR 306-b (b), allows a new action to be commenced after the automatic dismissal, “despite the expiration of the statute of limitations after the commencement of the original action”. The Legislature explicitly set forth that the automatic dismissal for failing to file service or to effect service would not bar an otherwise timely action if timely commenced under the “second chance” provision. (CPLR 306-b [b].) Nevertheless, the language does not establish a broad ruling that the new action is considered commenced as of the time of the initial action for all purposes. The statutory language is narrowly drafted by the Legislature and does not set forth any other exceptions impacting the commencement of a new action. The statute does not, for example, use a “relation back” analogy or in any way suggest that the second filing under these circumstances is nunc pro tunc. In fact, the language of the statute is quite clear in extending the period of time in which the Statute of Limitations would otherwise expire. Any other intent of the Legislature is not manifest.
Although the statute allows the original plaintiff, in this case Allied, to commence a new action and to be protected from a Statute of Limitations claim, the statute is not a shield preventing an action from being commenced against such party. Allied has failed to demonstrate a basis for its position that it should be granted plaintiff’s priority.
This court determines that the general proposition that the action commenced first should have priority in a consolidated action is applicable. In this case, Action No. 1 was commenced *287 by filing on June 10, 1996 and Action No. 2 was commenced by filing on August 12, 1996. Action A, although commenced by filing in March 1996, was statutorily dismissed pursuant to CPLR 306-b. This dismissed action has no bearing or relevance to the issue presently being addressed by this court.
It is determined that the action first commenced is Great Lakes Contr. v Allied Bldrs. (index No. 96/5357). Great Lakes is granted plaintiff’s priority in the consolidated action.

. Effective January 1, 1998 CPLR 306-b was repealed and reenacted with no requirement to file proof of service and no automatic dismissal of an action.

. Allied now contends that commencement of Action No. 2 in accordance with CPLR 306-b (b) provides it with plaintiffs priority on the consolidated action.