■ LOCTITE VSI, INC., Appellant-Respondent, v CHEMFAB NEW YORK, INC., Respondent-Appellant. [701 NYS2d 723] —Mugglin, J. Cross appeals from an order of the Supreme Court (Canfield, J.), entered January 7, 1999 in Rensselaer County, which, *inter alia*, denied plaintiff's motion to dismiss defendant's sixth affirmative defense and denied defendant's cross motion for partial summary judgment dismissing a portion of plaintiff's damages claim.

The commercial premises owned by plaintiff and leased to defendant were damaged by fire. Plaintiff's insurer paid plaintiff's claims for lost rental income and replacement costs in the amount of $650,888. Claiming that the fire was caused by the negligence of defendant and that paragraph 8 (A) of the lease contains a contractual provision making defendant liable for the negligent fire loss, plaintiff instituted this action seeking to recover $750,000. Among the affirmative defenses as-

serted by defendant is the waiver of subrogation clause contained in paragraph 14 (A) of the lease. Plaintiff moved to dismiss the counterclaim and the affirmative defenses asserted in defendant's answer. Defendant cross-moved for partial summary judgment dismissing plaintiff's "subrogation" claim to the extent that it sought recovery in excess of plaintiff's $25,000 deductible. Finding that the lease was ambiguous on the issue of whether the waiver of subrogation clause contained in paragraph 14 (A) barred any portion of plaintiff's claim or whether paragraph 8 (A) preserved its right to seek recovery for losses resulting from defendant's negligence, Supreme Court denied the motion and the cross motion. The parties cross-appeal.

We begin by observing that both parties assert that no factual dispute exists and that the interpretation of the lease is an issue of law which may be determined on a motion for summary judgment. We agree (see, Northern Adirondack Cent. School Dist. v La Plante Co., 229 AD2d 764). Moreover, this is so even if an ambiguity is discerned where, as here, the parties rely on the written agreement and do not submit parol evidence to shed light on the meaning of the words used (see, Carvel Corp. v Rait, 117 AD2d 485). The relevant portions of the lease are that part of paragraph 4 which requires defendant to pay the fire insurance premiums incurred by plaintiff as additional rent; paragraph 7 which requires plaintiff, as landlord, to maintain the roof, foundation, exterior walls and plumbing, heating, ventilating and air conditioning systems; paragraph 8 (A) which, after detailing those items of maintenance and repair which are to be done at defendant's expense provides: "Tenant shall not be obligated to repair any damage caused by fire, tornado or other casualty covered by the insurance to be maintained by Landlord pursuant hereto or any damage caused by flood, except that Tenant shall, at Tenant's own expense, repair all damages caused by the negligence of Tenant or its employees, agents or invitees, excluding any matters for which Landlord is responsible under the Environmental Indemnification Agreement"; paragraph 14 (A) which requires plaintiff to maintain a standard fire and extended coverage insurance policy in an amount of not less than 80% of the "'replacement cost'" and which paragraph provides that "[l]andlord shall obtain a waiver of subrogation from its insurer"; and paragraph 15 (C) which requires both parties to carry and keep in full force and effect general liability insurance for the protection of both plaintiff and defendant.

We next turn to the legal principles which we believe are

dispositive of this case. "Subrogation, an equitable doctrine, allows an insurer to stand in the shoes of its insured and seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse (*see, Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465). While parties to an agreement may waive their insurer's right of subrogation, a waiver of subrogation clause cannot be enforced beyond the scope of the specific context in which it appears (*see, S.S.D.W. Co. v Brisk Waterproofing Co.*, 76 NY2d 228)" (*Kaf-Kaf, Inc. v Rodless Decorations*, 90 NY2d 654, 660). This lease agreement contains a waiver of subrogation clause in the context of plaintiff's obligation to obtain fire insurance. We conclude, therefore, that the plain language of the lease prohibits plaintiff from maintaining this action to recover damages from the defendant, even if the fire was negligently caused by defendant, its agents or employees.

Read in isolation from the balance of the lease, paragraph 8 (A) appears to be ambiguous since it does not obligate plaintiff to repair any fire damage covered by insurance to be maintained by the landlord but then contains an exception for damage caused by defendant's negligence. When paragraphs 7 and 8 are read in their entirety, however, it becomes clear that the parties intended that defendant was responsible for all damage done to the building by its agents or employees, except for fire or other casualty loss covered by plaintiff's insurance. Moreover, when these paragraphs are read together with the provision requiring defendant to pay the insurance premium, the requirement that plaintiff obtain the fire insurance policy and the waiver of subrogation rights, and the provision requiring each to obtain liability insurance for the benefit of both, the intent is clear that the parties, in the event of a loss, would look first to the insurance proceeds before asserting any claim against the other.

This conclusion finds further support from the fact that, absent the waiver provision, any right to subrogation would exist only where the fire was caused by the negligence of defendant. Acceptance of plaintiff's argument that the waiver of subrogation provision was not intended to apply in circumstances where a fire was caused by defendant's negligence would completely negate the waiver of subrogation provision. Such an interpretation would run contrary to the principle that courts should adopt an interpretation of a contract which gives meaning to every provision of the contract, with no provision left without force and effect (*see, Ronnen v Ajax Elec. Motor Corp.*, 88 NY2d 582, 589).

This conclusion is further supported by the observation that the record is unclear as to whether any instrument has been signed pursuant to CPLR 1004 allowing plaintiff to maintain this action in its own name, without naming its insurer. On its face, the complaint seeks to recover on a contract theory. Throughout its brief, defendant has referred to this as a subrogation claim. If, in fact, it is not a subrogation claim, plaintiff is seeking a double recovery for this fire loss, except for the deductible.

Mercure, J. P., Peters, Spain, and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's cross motion for partial summary judgment dismissing the complaint to the extent that it sought damages for losses covered by insurance; cross motion granted to that extent; and, as so modified, affirmed.