■ Donald Ellers, Respondent, v C. Raimondo & Son Construction Co. et al., Appellants. C. Raimondo & Son Construction Co., Inc., Third-Party Plaintiff-Appellant, v Five (5) Star Builders Corp., Third-Party Defendant-Respondent, et al., Third-Party Defendants. Newburgh Steel Products, Inc., Second Third-Party Plaintiff-Appellant, v Five (5) Star Builders Corp., Second Third-Party Defendant-Respondent, et al., Second Third-Party Defendants. [717 NYS2d 104] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered April 13, 2000, which, upon the grant of the renewal motion of third-party defendant employer Five Star Builders Corp. (Five Star), dismissed third-party plaintiffs' contribution and common law indemnification claims against Five Star, and order, same court and Justice, entered on or about November 16, 1999, which denied the motion of defendants MCS Realty Partners L.P. (MCS) and Home Depot U.S.A. Inc. (Home Depot), for leave to amend their answers to assert cross claims against Five Star for contribution and common law indemnification, unanimously affirmed, without costs.

The motion court's grant of renewal to third-party defendant Five Star was justified to avoid apparently inconsistent determinations within this action as to the applicability of the Omnibus Workers' Compensation Reform Act of 1996, which amended Workers' Compensation Law § 11 to provide in relevant part that, effective September 10, 1996, "[a]n employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury' " (L 1996, ch 635, § 2). The motion court had previously denied third-party defendant employer Five Star the benefit of this provision to bar the third-party contribution and indemnity claims of defendants C. Raimondo & Son Construction and Newburgh Steel Products, but, in denying the motion of defendants MCS Realty and Home Depot to amend their pleadings to include third-party contribution and indemnification claims against Five Star, had indicated that such claims, in this action commenced subsequent to September 10, 1996, were barred by the above-quoted Reform Act.

On the merits, the motion court correctly determined that the Reform Act did bar the third-party claims of Raimondo & Son and Newburgh Steel, since this action was commenced after the date upon which the Reform Act took effect. Contrary to appellants' arguments, the restorative provisions of CPLR 205

are not applicable to render viable third-party claims, such as the ones here at issue falling within the category described in the above-quoted Reform Act language, asserted in actions commenced after September 10, 1996. Whether actions are time-barred or recommenceable pursuant to CPLR 205, and whether they are subject to the bar created by the Reform Act are distinct and independent inquiries. Indeed, to employ CPLR 205 in the manner advocated by appellants would be inconsistent with the manifest legislative intent behind the Reform Act, i.e., to eliminate the stated category of indemnity and common law contribution claims in actions commenced after the Reform Act's effective date where "grave injury" is not present (*see, Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577).

In view of the determination that the subject contribution and common law indemnity claims are barred by the Reform Act, the motion by MCS and Home Depot to amend the pleadings to assert such claims was correctly denied (*see, Buckley & Co. v City of New York*, 121 AD2d 933, 935).

We have considered appellants' other arguments and find them unavailing. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Andrias, JJ.