■ Eliot Spitzer, as Attorney General of the State of New York, Respondent, v Dewar Foundation, Inc., et al., Defendants, and Frank W. Getman, Sr., Appellant. [721 NYS2d 228] —Order, Supreme Court, New York County (Charles Ramos, J.), entered March 20, 2000, which denied defendant-appellant's motion to dismiss the complaint as against him for lack of jurisdiction, unanimously affirmed, without costs.

Jurisdiction over appellant was obtained by service on him of the supplemental summons within 120 days of the filing of the original summons. Insofar as appellant was concerned, the supplemental summons, which was filed prior to its service and merely added a defendant other than appellant, "conform[ed] in all important respects" with the originally filed summons (Matter of Gershel v Porr, 89 NY2d 327, 332), rendering service of the supplemental summons a fair substitute for

service of the original summons (*compare, Louden v Rockefeller Ctr. N.*, 249 AD2d 25 [defendant served with an unfiled amended summons was not named in original, filed summons]). Moreover, even assuming that CPLR 305 (a) required that the supplemental summons indicate not only its own filing date but the filing date of the original summons as well, the omission of the latter date did not cause appellant any prejudice, and thus does not render service of the supplemental summons a nullity, or otherwise warrant dismissal of the action (*see, Cruz v New York City Hous. Auth.*, 269 AD2d 108). At worst, appellant learned somewhat later than he otherwise would have that the original summons was filed within the Statute of Limitations, and that he therefore did not have a Statute of Limitations defense (*see,* CPLR 203 [c] [1]; [f]).

In any event, even if service of the supplemental summons were not deemed effective to confer jurisdiction over appellant, service of the original summons was in fact made 157 days after its filing, when plaintiff included it in his opposition papers to defendant's motion to dismiss, and, in their totality, the present circumstances constitute good cause under CPLR 306-b for extending plaintiff's time to serve the original summons nunc pro tunc to the time of its service in his opposition papers. Appellant fails to show any prejudice as a result of not having received the original summons sooner. For purposes of showing prejudice, it does not avail appellant to argue that the Statute of Limitations expired after the filing of the original summons and before service of the supplemental summons (*see, Griffin v Our Lady of Mercy Med. Ctr.*, 276 AD2d 391). Concur—Nardelli, J. P., Andrias, Ellerin and Saxe, JJ.