■ GERALD P. VICK, SR., et al., Plaintiffs, v AMERICAN RE-FUEL COMPANY OF NIAGARA, Defendant and Third-Party Plaintiff-Respondent. STRITT & PRIEBE, INC., Third-Party Defendant-Appellant. [723 NYS2d 781]

Memorandum: Plaintiffs commenced this action to recover for personal injuries sustained by plaintiff Gerald P. Vick, Sr. in a slip and fall on ice in a parking area at a construction site owned by defendant-third-party plaintiff, American Ref-Fuel Company of Niagara, incorrectly sued as American Re-Fuel Company of Niagara (American). Of the various claims initially alleged by plaintiffs, only the claims alleging common-law negligence and the violation of Labor Law § 200 survive. In its third-party action against the construction contractor, third-party defendant, Stritt & Priebe, Inc. (Stritt), American seeks indemnification based upon provisions in the construction contract requiring Stritt to indemnify American and procure insurance coverage for it. Supreme Court erred in denying the motion of Stritt to dismiss the third-party complaint and in granting the cross

motion of American for summary judgment on liability on the third-party complaint. The record establishes as a matter of law that Stritt fulfilled its contractual obligation to procure a liability policy on which American was named as an additional insured. American's reliance on *Zito v Occidental Chem. Corp.* (259 AD2d 1015, 1015-1016, *lv dismissed* 93 NY2d 999) is misplaced because the issue in that case was whether the insurance policy procured by the contractor included coverage for the owner's negligence (*see generally, Kinney v Lisk Co.,* 76 NY2d 215, 218-219). Further, the indemnification provision of the contract is unenforceable as a matter of law pursuant to General Obligations Law § 5-322.1. Because the only surviving claims in the primary action allege American's negligence or violation of Labor Law § 200, the inevitable illegal effect of the indemnification provision would be to require Stritt to indemnify American for its own negligence (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786, 793-794, *rearg denied* 90 NY2d 1008; *cf., Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 179-181). (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.