■ ULPIANO COLON et al., Respondents, v BELMONT REALTY COMPANY et al., Defendants and Third-Party Plaintiffs-Appellants. NEW YORK TELEPHONE & TELEGRAPH, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [749 NYS2d 142] —Order, Supreme Court, Bronx County (Patricia Williams, J.), entered October 15, 2001, which, in an action by a laborer for personal injuries sustained on premises owned by defendants, and a third-party action by the premises own-

ers against plaintiff's employer and the premises lessee, insofar as appealed from as limited by the briefs, granted the employer's motion for summary judgment dismissing the third-party complaint as against it for lack of a "grave injury" as required by Workers' Compensation Law § 11, unanimously affirmed, without costs.

The third-party action was properly dismissed as against the employer on the ground that the main action was commenced after the September 10, 1996 effective date of the amendment to Workers' Compensation Law § 11 prohibiting any contribution and indemnity claims against a plaintiff's employer unless that plaintiff sustained a "grave injury" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577). It does not avail the premises owners that plaintiffs commenced the main action pursuant to former CPLR 306-b (b), and with express leave of the court, after a prior, substantially identical action, commenced before September 10, 1996, was dismissed for lack of personal jurisdiction (*cf. Ellers v Raimondo & Son Constr. Co.*, 277 AD2d 156, 156-157; *Great Lakes Contr. v Allied Bldrs.*, 176 Misc 2d 284, 286 [Sup Ct, Monroe County], *affd* 262 AD2d 1007). We have considered and rejected defendants' other arguments. Concur—Andrias, J.P., Saxe, Buckley, Rosenberger and Marlow, JJ.