■ RICHARD DANCHICK, Appellant, v CONTEGRA SERVICES, LTD., et al., Respondents and Third-Party Plaintiffs. M.W. GARDNER, INC., Third-Party Defendant-Respondent. [750 NYS2d 384] —Appeal from an order of Supreme Court, Onondaga County (Murphy, J.), entered September 25, 2001, which, inter alia, granted the cross motion of defendants seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying in part defendants' cross motion and reinstating the common-law negligence cause of action and the Labor Law § 241 (6) claim insofar as it is premised upon violations of 12

NYCRR 23-1.7 (e) (1) and (f) and as modified the order is affirmed without costs.

Memorandum: Plaintiff was injured in the course of his employment with third-party defendant, which had contracted with defendants to install a fire sprinkler system at a renovation and construction project. In leaving an addition under construction at the work site, plaintiff stepped backward through an opening in an unfinished wall. His right foot became caught on a nailhead protruding one-eighth to one-quarter inch near the middle of the opening. Supreme Court erred in granting that part of defendants' cross motion seeking summary judgment dismissing the common-law negligence cause of action. There is an issue of fact whether the protruding nailhead was a defective condition, given its location in the opening of the unfinished wall and the further issue of fact whether there were other available means of ingress and egress to the work site at the time of the accident (*see McKenzie v Crossroads Arena,* 291 AD2d 860, *lv dismissed* 98 NY2d 647). Contrary to defendants' contention, it cannot be said that the defect was trivial as a matter of law (*see id.* at 861; *cf. Trincere v County of Suffolk,* 90 NY2d 976, 977-978).

We further conclude that the court properly granted that part of defendants' cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is premised upon a violation of 12 NYCRR 23-1.5. That regulation is not sufficiently specific to support a Labor Law § 241 (6) claim (*see Creamer v Amsterdam High School,* 241 AD2d 589). The court erred, however, in granting that part of defendants' cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is premised upon violations of 12 NYCRR 23-1.7 (e) (1) and (f). Those subdivisions of section 23-1.7 are sufficiently specific to support a Labor Law § 241 (6) claim (*see Scannell v Mt. Sinai Med. Ctr.,* 256 AD2d 214; *Gielow v Coplon Home,* 251 AD2d 970, 971-972, *lv denied in part and dismissed in part* 92 NY2d 1042, *rearg denied* 93 NY2d 889), and defendants failed to establish that they did not violate those subdivisions or that they are not applicable to plaintiff's accident (*see Bockmier v Niagara Recycling,* 265 AD2d 897). We therefore modify the order by denying in part defendants' cross motion and reinstating the common-law negligence cause of action and the Labor Law § 241 (6) claim insofar as it is premised upon violations of 12 NYCRR 23-1.7 (e) (1) and (f). Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.