■ CARL R. GIGLIO et al., Respondents, v ST. JOSEPH INTERCOMMUNITY HOSPITAL et al., Respondents-Appellants. CIMINELLI-COWPER CO., INC., Third-Party Plaintiff-Respondent, v C.I.R. ELECTRICAL CONSTRUCTION CORP., Third-Party Defendant-Appellant. [765 NYS2d 77] —Appeals from an order of Supreme Court, Erie County (Cosgrove, J.), entered May 22, 2002, which, inter alia, denied those parts of the motion of third-party defendant and the cross motions of defendants seeking summary judgment dismissing the Labor Law §§ 200 and 241 (6) claims and common-law negligence cause of action against defendants.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying those parts of the cross motions of defendants seeking a conditional order of contractual or common-law indemnification against third-party defendant and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Carl R. Giglio (plaintiff) when he slipped and fell in a stairwell at a construction site. Plaintiffs sued St. Joseph Intercommunity Hospital (St. Joseph), the owner of the site, and Ciminelli-Cowper Co., Inc. (Ciminelli), which nominally was the construction manager but in reality was the general contractor for the project. Insofar as relevant to this appeal, plaintiffs assert a cause of action for common-law negligence and claims alleging the violation of Labor Law §§ 200 and 241 (6). Ciminelli impleaded C.I.R. Electrical Construction Corp. (C.I.R.), plaintiff's employer, for contribution and common-law and contractual indemnification.

Supreme Court properly denied those parts of the motion of C.I.R. and the cross motions of defendants seeking summary judgment dismissing the section 241 (6) claim against defendants to the extent that the claim is premised upon the alleged violation of 12 NYCRR 23-1.7 (d) and (e) and 23-1.30. Those regulations are sufficiently specific to support the section 241 (6) claim (*see Danchick v Contegra Servs.,* 299 AD2d 923, 924 [2002]; *Perry v City of Syracuse Indus. Dev. Agency,* 283 AD2d 1017 [2001]; *Herman v St. John's Episcopal Hosp.,* 242 AD2d 316, 317 [1997]; *see generally Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 503-505 [1993]). C.I.R. and defendants failed to establish as a matter of law that defendants did not violate those regulations or that they are not applicable to plaintiff's accident (*see Danchick,* 299 AD2d at 924, citing *Bockmier v Niagara Recycling,* 265 AD2d 897 [1999]).

The court further properly denied those parts of the motion of C.I.R. and the cross motions of defendants seeking summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action against defendants. C.I.R. and defendants failed to meet their initial burden of establishing that defendants did not create the dangerous condition or that they lacked control over the premises and lacked actual or constructive notice of the dangerous condition (*see Ciesielski v Buffalo Indus. Park,* 299 AD2d 817, 818-819 [2002]; *Farrell v Okeic,* 266 AD2d 892, 893 [1999]; *Miller v Wilmorite, Inc.,* 231 AD2d 843 [1996]). In any event, there are triable questions of fact with regard to those issues.

The court erred, however, in granting those parts of defendants' cross motions seeking a conditional order of contractual and common-law indemnification against C.I.R. With respect to St. Joseph, although the subcontract between Ciminelli and C.I.R. obligates C.I.R. to indemnify both St. Joseph and Ciminelli, St. Joseph did not interpose a third-party complaint against C.I.R. Because St. Joseph has not interposed a direct claim against C.I.R., the court erred in granting that part of St. Joseph's cross motion seeking a conditional order of contractual or common-law indemnification against C.I.R. We therefore modify the order by denying that part of St. Joseph's cross motion.

We further modify the order by denying that part of Ciminelli's cross motion seeking a conditional order of contractual indemnification against C.I.R. An indemnification agreement will be deemed void and unenforceable if the party seeking indemnification was itself negligent (*see Itri Brick & Concrete Corp. v Aetna Cas. & Surety Co.,* 89 NY2d 786, 794-795 [1997], *rearg denied* 90 NY2d 1008 [1997]; *Vick v American Re-Fuel Co. of Niagara,* 283 AD2d 915, 916 [2001]), and Ciminelli failed to establish that it was not negligent as a matter of law (*see Borland v Sampson Steel Fabricators,* 298 AD2d 831, 833-834 [2002]; *Potter v M.A. Bongiovanni, Inc.,* 271 AD2d 918, 919 [2000]; *Reynolds v County of Westchester,* 270 AD2d 473, 474 [2000]).

Finally, we conclude that there are triable issues of fact precluding a conditional order of common-law indemnification against C.I.R (*see Ertl v Ciminelli-Cowper Co.,* 288 AD2d 946, 947 [2001]; *Rissel v Nornew Energy Supply,* 281 AD2d 880, 881 [2001]; *cf. Colyer v K Mart Corp.,* 273 AD2d 809, 810 [2000]). Such issues include whether Ciminelli affirmatively created the dangerous condition or had actual or constructive notice of it and whether and to what extent Ciminelli had authority to control the condition of the premises. There is a further triable issue of fact concerning whether C.I.R. was actively at fault for the occurrence of the accident. In addition, there is a triable issue of fact concerning whether plaintiff sustained a "grave injury," which must be established before C.I.R., as plaintiff's employer, may be held liable on a claim over for common-law indemnification (*see* Workers' Compensation Law § 11; *see generally Sikorski v Burroughs Dr. Apts.,* 306 AD2d 844, 846 [2003]; *Colon v Belmont Realty Co.,* 299 AD2d 218, 219 [2002]). At this stage of the litigation, there is no need for such a multi-conditional order of common-law indemnification, and we therefore modify the order by denying that part of Ciminelli's

cross motion seeking a conditional order of common-law indemnification. Present—Wisner, J.P., Hurlbutt, Kehoe and Lawton, JJ.