■ CARLOS PEREZ, Appellant, v CREATIONS ASSOCIATES, L.P., Defendant and Third-Party Plaintiff, and PAUL ROBESON HOUSES ASSOCIATES et al., Respondents. APPEAL LOCKSMITH, INC., Third-Party Defendant-Respondent-Appellant. [783 NYS2d 350]—

Order, Supreme Court, Bronx County (Albert Emanuelli, J.), entered March 19, 2003, which, in this personal injury action, granted the motion of third-party defendant Appeal Locksmith, Inc. (ALI) to set aside the jury award of damages to the extent of directing a new trial on the issue of damages unless plaintiff stipulated to reduce the jury award for past pain and suffering from $1.5 million to $550,000 and the award for future pain and suffering from $2 million to $650,000, unanimously affirmed, without costs. Appeal from order, same court (Barry Salman, J.), entered June 3, 2003, which denied ALI's motion for leave to renew its prior motion to dismiss the third-party action against it on the ground that such was barred by Workers' Compensation Law § 11, unanimously dismissed, without costs.

Our review of the record discloses that the court's proposed reductions in the jury awards for past and future pain and suffering would afford plaintiff reasonable compensation under the circumstances (*see Valentin v City of New York*, 293 AD2d 313 [2002]; *see also Miranda v New Dimension Realty Co.*, 278 AD2d 137 [2000]).

The appeal from the order entered June 3, 2003 denying ALI renewal must be dismissed since ALI's original motion to dismiss the third-party action as against it as barred by Workers' Compensation Law § 11 was denied in an unappealable oral decision (*see DeFalco v JRS Confectionary*, 118 AD2d 752 [1986]). In any event, the third-party action as against ALI was not barred by Workers' Compensation Law § 11. After noting that the determinative date for the prospective application of the amendment to Workers' Compensation Law § 11 is the date

when the main action was commenced, ALI maintains, citing *Colon v Belmont Realty Co.* (299 AD2d 218 [2002]), that the relevant commencement date of the instant action was September 18, 1996, when plaintiff filed the supplemental summons and amended complaint, which, in ALI's view, "deviated from the initial pleadings by adding a new party." However, in *Colon*, where this Court concluded that the third-party action was properly dismissed as against the employer on the ground that the main action was commenced after the September 10, 1996 effective date of the amendment to Workers' Compensation Law § 11, we stated that "[i]t does not avail the [main defendants] that plaintiffs commenced the main action pursuant to former CPLR 306-b (b), and with express leave of the court, after a prior, substantially identical action, commenced before September 10, 1996, was *dismissed for lack of personal jurisdiction*" (at 219 [emphasis added]). Here, jurisdiction was obtained over defendant/eventual third-party plaintiff Creations Associates by service upon it of the supplemental summons and amended complaint within 120 days of the filing of the original summons. "Insofar as [Creations] was concerned, the supplemental summons, which was filed prior to its service and merely added a defendant [Property Resources] other than [original defendants Creations and Robeson], 'conform[ed] in all important respects' with the originally filed summons (*Matter of Gershel v Porr*, 89 NY2d 327, 332), rendering service of the supplemental summons a fair substitute for service of the original summons" (*Spitzer v Dewar Found.*, 280 AD2d 385, 385-386 [2001]). This was the status of the law prior to Justice Salman's oral decision denying dismissal of the third-party action, and *Colon*, which postdated that decision, does not constitute a change in law. Concur—Tom, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.