■ JOSEPH AGOSTINELLI et al., Respondents, v MICHELLE STEIN et al., Defendants, and DAVID GRIFFO et al., Appellants. (Action No. 1.) ALLSTATE INSURANCE COMPANY, as Subrogee of JANE C. LANGEVIN, et al., Plaintiffs, v MICHAEL STEIN, et al., Defendants. (Action No. 2.) ROYAL INDEMNITY COMPANY, as Subrogee of MARCUS KLEM, Respondent, v MICHELLE STEIN et al., Defendants, and RAINALDI REAL ESTATE MANAGEMENT et al., Appellants. (Action No. 3.) CGU OF NEW YORK, as Subrogee of MARIA RUFFINI et al., Respondent, v MICHAEL L. STEIN, Defendant, and WESTAGE AT THE HARBOR, Appellant. (Action No. 4.) TRAVELERS INDEMNITY COMPANY, as Subrogee of RANDY S. POOLE et al., Re-

spondent, v MICHAEL STEIN et al., Defendants, and DAVID GRIFFO et al., Appellants. (Action No. 5.) STATE FARM INSURANCE COMPANY, as Subrogee of MICHELLE STEIN et al., Respondent, v MICHAEL STEIN, Defendant, and DAVID GRIFFO et al., Appellants. (Action No. 6.) KEMPER INSURANCE COMPANY, as Subrogee of ROSE BARRETT et al., Respondent, v MICHAEL STEIN, Defendant, and DAVID GRIFFO et al., Appellants. (Action No. 7.) AMICA MUTUAL INSURANCE COMPANY, as Subrogee of LEO HESS et al., Respondent, v MICHELLE STEIN et al., Defendants, and RAINALDI REAL ESTATE MANAGEMENT et al., Appellants. (Action No. 8.) [794 NYS2d 759]—

Appeals from an order of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered November 5, 2003. The order denied the motion of defendants David Griffo, Westage at the Harbor and Westage Board of Managers for summary judgment dismissing the complaints in action Nos. 1 and 5 through 7 against defendants David Griffo and Westage Board of Managers, the complaints in action Nos. 3 and 8 against defendant Westage Board of Managers and the amended complaint in action No. 4 against defendant Westage at the Harbor and denied the motion of defendant Rainaldi Real Estate Management Company for summary judgment dismissing the complaints against it in action Nos. 1, 3 and 5 through 8.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by granting the motion

of defendants David Griffo, Westage Board of Managers and Westage at the Harbor in part and dismissing the complaint in action No. 1 against defendants David Griffo and Westage Board of Managers to the extent that it alleges a violation of the business judgment rule, the complaints in action Nos. 3 and 8 against defendant Westage Board of Managers, the amended complaint in action No. 4 against defendant Westage at the Harbor, and the complaints in action Nos. 5 through 7 against defendants David Griffo and Westage Board of Managers and as modified the order is affirmed without costs.

Memorandum: Defendants David Griffo, Westage Board of Managers (Board) and Westage at the Harbor (collectively, Westage defendants) appeal from an order insofar as it denied their motion seeking summary judgment dismissing the complaints in action Nos. 1, and 5 through 7 against Griffo and the Board, the complaints in action Nos. 3 and 8 against the Board, and the amended complaint in action No. 4 against Westage at the Harbor. Defendant Rainaldi Real Estate Management Company (Rainaldi) appeals from the order insofar as it denied its motion seeking summary judgment dismissing the complaints against it in action Nos. 1, 3, and 5 through 8. The underlying facts are essentially undisputed. On August 30, 1999, defendant Michael L. Stein performed plumbing work for his sister, defendant Michelle Stein, at her condominium at Westage at the Harbor. Griffo, the on-site property manager employed by the Board, had shut off the water to the building in which Michael Stein was working so that the plumbing work could be performed. As a result of the actions of Michael Stein, a fire occurred, causing damage to several condominium units in two buildings.

We conclude that Supreme Court erred in denying those parts of the motion of the Westage defendants seeking summary judgment dismissing the complaints in action Nos. 3 and 8 against the Board, the complaints in action Nos. 5 through 7 against Griffo and the Board, and the amended complaint in action No. 4 against Westage at the Harbor, and we therefore modify the order accordingly. Those actions were commenced by plaintiff insurers as subrogees. The bylaws provide that the unit owners "are encouraged to carry other insurance for their own benefit provided that all such policies shall contain waivers of subrogation against the . . . Board." The bylaws are, "in essence, an agreement among all of the individual unit owners . . . which set forth the respective rights and obligations of unit owners" (*Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1, 6 [1987]). "While parties to an agreement may waive their

insurer's right of subrogation, a waiver of subrogation clause cannot be enforced beyond the scope of the specific context in which it appears" (*Kaf-Kaf, Inc. v Rodless Decorations*, 90 NY2d 654, 660 [1997]). Here, the bylaws provide for a waiver of subrogation claims for any amounts that "benefit" the unit owner, and thus we conclude that the subrogation actions herein cannot be maintained against any of the Westage defendants (*see S.S.D.W. Co. v Brisk Waterproofing Co.*, 76 NY2d 228, 233-234 [1990]; *Loctite VSI v Chemfab N.Y.*, 268 AD2d 869, 871 [2000]).

Contrary to the contention of the Westage defendants with respect to action No. 1, the sole remaining action that is the subject of their motion, the bylaws do not provide the Board with immunity from liability. Rather, the bylaws provide immunity for the individual members serving on the Board. In any event, "the disputed clause was prepared by [the Board] 'and any ambiguity in the interpretation of the language contained therein must be construed against the drafter' " (*Clifton Steel Corp. v County of Monroe Pub. Works Dept.*, 136 AD2d 950, 951 [1988]; *see generally Steuben Contr. v Griffith Oil Co.*, 283 AD2d 1008 [2001]). Nevertheless, although we conclude that the Westage defendants otherwise established their entitlement to judgment as a matter of law with respect to action No. 1, the court properly determined that plaintiffs raised an issue of fact whether Griffo was negligent (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), which negligence would be imputed to the Board (*see generally Riviello v Waldron*, 47 NY2d 297, 302-304 [1979]). We note, however, that the plaintiffs in action No. 1 failed to raise an issue of fact whether the Board violated the business judgment rule, and we therefore further modify the order by granting that part of the motion of the Westage defendants seeking summary judgment dismissing the complaint in action No. 1 against Griffo and the Board to the extent that it alleges a violation of that rule (*see Schoninger*, 134 AD2d at 10).

We further conclude that the court properly denied the motion of Rainaldi seeking summary judgment dismissing the complaints against it in action Nos. 1, 3, and 5 through 8. In support of the motion, Rainaldi contended that Griffo is an employee of the Board, and thus Rainaldi is not liable to the plaintiffs in those actions under the doctrine of respondeat superior for any negligence on the part of Griffo. Although Griffo is employed by the Board, the respective plaintiffs in those actions raised an issue of fact whether Rainaldi supervised Griffo and thus whether the doctrine of respondeat superior ap-

plies (*see generally Gorea v Glover*, 249 AD2d 887 [1998]). Finally, we conclude that, to the extent that the management agreement between the Board and Rainaldi requires the Westage at the Harbor condominium association (association) and unit owners to indemnify Rainaldi for damages arising from Rainaldi's own negligence, the agreement is deemed void and unenforceable (*see* General Obligations Law § 5-322.1; *Giglio v St. Joseph Intercommunity Hosp.*, 309 AD2d 1266, 1268 [2003]; *Vick v American Re-Fuel Co. of Niagara*, 283 AD2d 915, 916 [2001]). We note, however, that the management agreement also requires that the association purchase insurance for the benefit of Rainaldi, which is "clearly distinct from and treated differently [from] an agreement to indemnify," and that provision therefore is enforceable (*Moll v Wegmans Food Mkts.*, 300 AD2d 1041, 1042 [2002] [internal quotation marks omitted]).

All concur except Lawton, J., who concurs in the result in the following memorandum.

Lawton, J. (concurring). I concur in the result only because, contrary to the view of the majority, I do not believe that plaintiff insurers can be precluded from exercising their right of subrogation based on a unit owner's breach of the bylaws of defendant Westage at the Harbor (Condominium) requiring that, if a unit owner obtains a policy of insurance, the policy must contain a waiver of subrogation clause against the Condominium and defendant Westage Board of Managers (Board). The majority relies on *Kaf-Kaf, Inc. v Rodless Decorations* (90 NY2d 654, 660 [1997]) for the proposition that an insured can waive an insurer's right of subrogation. *Kaf-Kaf, Inc.*, however, involved a lease agreement pursuant to which the tenant expressly released and waived all right of recovery against the owner. In holding that the insurer was precluded from asserting a subrogation claim, the Court of Appeals applied the general rule that the insurer stands in the shoes of the insured subject to whatever defenses that could be raised against the insured (*see id.* at 660-661). In relying on *Kaf-Kaf, Inc.*, the majority equates the provision in the bylaws requiring that the unit owners' insurance policies, if obtained, must contain a waiver of subrogation against the Condominium and Board to a requirement in a lease that the tenant waive any claims against the owner. The requirement at issue herein, i.e., that a policy of insurance obtained by a unit holder must contain a waiver of subrogation clause, merely places a duty on the unit owners and does not create the waiver of liability at issue in *Kaf-Kaf, Inc.* A breach of that requirement by a unit owner does not preclude the unit owner from recovering damages from the Condomin-

ium and Board or others for damages if it could be shown that the Board or its employees were at fault for the fire at issue herein. Logically, if a unit owner has the right to sue the Condominium and Board then, under the principle that the insurer stands in the shoes of its insured (*see id.* at 660), the insurer of the unit owner also has that right.

I note that, if the bylaws specifically precluded a subrogation claim, I would agree with the majority's analysis that all insurers would be barred from bringing any subrogation claims. Here, however, they do not. I also do not believe that this case turns on "the legal issue of what the parties intended" (*S.S.D.W. Co. v Brisk Waterproofing Co.*, 76 NY2d 228, 232 [1990]), despite the reliance of the majority on two cases in which that test was applied (*see id.* at 233-234; *Loctite VSI v Chemfab N.Y.*, 268 AD2d 869, 871 [2000]). Consequently, in my view Supreme Court had a sound basis for determining that the Board is limited to its remedy against the unit owners for failing to obtain insurance with a waiver of subrogation clause, as required by the bylaws.

Because there was insurance in this instance, the issue is whether plaintiff insurers are barred by the bylaws from bringing subrogation claims. In my view, they are not, inasmuch as the bylaws do not require a unit owner to obtain an insurance policy in the first instance but instead, they require only that, if an insurance policy is obtained, it must contain a waiver of subrogation clause. The issue thus is, what is the proper result if there is no bar of subrogation. If there is indeed liability for the fire on the part of the Board, plaintiff insurers could then recover for their losses. The Board in turn would then have a claim against the unit owners for failing to obtain insurance with a waiver of subrogation clause. The effect, under this "round robin" of liability, is that plaintiff insurers would be making subrogation claims against their insureds when, in fact, it is well established that "[a]n insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered" (*Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 468 [1986]).

In my view, plaintiff insurers in this case are barred from making subrogation claims against the Board and its employees only, under equitable principles and for public policy reasons. Such a split in coverage was sanctioned by the Court of Appeals in *S.S.D.W. Co.* (76 NY2d at 230). In all other respects, I concur with the majority. Present—Green, J.P., Hurlbutt, Scudder, Lawton and Hayes, JJ.