■ MICHAEL F. VUKOVICH, Appellant, v 1345 FEE LLC et al., Respondents. [899 NYS2d 173]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered September 1, 2009, which, after a jury verdict in plaintiff's favor, granted the motion by defendant ADCO Electrical to set aside the awards for past and future pain and suffering and lost earnings only to the extent of granting a new trial solely as to the future awards, unless plaintiff stipulated to a reduction of such damages from $1,661,000 to $1 million for future pain and suffering, and from $2,103,249 to $1 million for future loss of earnings, unanimously affirmed, without costs.

Plaintiff, who was 49 years old at the time of the accident and 53 when the trial took place, suffered head, neck and back injuries as the result of a fall from a ladder, precipitated by an electrical shock he received when the nape of his neck came into contact with live, uncapped electrical wires protruding from an open junction box. The measure of damages awarded for personal injury is primarily a question for the jury, which is entitled to great deference based on its evaluation of the evidence, including conflicting expert testimony. However, a court may review a jury's award for pain and suffering to ascertain whether it deviates materially from what would be considered reasonable compensation under the circumstances (CPLR 5501 [c]), and for lost earnings to determine if it was established with the requisite reasonable certainty (*see Behrens v Metropolitan Opera Assn., Inc.*, 18 AD3d 47, 51 [2005]).

The evidence presented at trial reveals that while this accident aggravated preexisting degenerative conditions, the two surgical procedures performed on plaintiff took place within a week of one another so as to minimize the recovery time and were largely successful in alleviating, albeit not eliminating, his symptoms; that another surgery was contemplated in the future; that he would need to continue undergoing physical therapy and take various anti-inflammatory muscle-relaxant and pain medication; and that he could no longer carry out manual labor, although he would not be precluded from performing sedentary work. The reduction of the jury's award was proper, since the award deviated from reasonable compensation under the circumstances (*see Perez v Creations Assoc., L.P.,* 11 AD3d 328 [2004]).

As to the award for future lost earnings, plaintiff's economist projected this claim by presuming plaintiff would work as a steamfitter 50 weeks a year for another 12 years, under the collective bargaining agreement negotiated by Local 638 of the Steamfitters Union, while ignoring the fact that plaintiff had actually been working, both before and after the accident, through Local 355 of the Services Workers Union, at wages substantially less than those available through Local 638. This economic analysis utilized the higher wages and benefits available from Local 638, applying a growth rate of 3.5% per year through plaintiff's anticipated retirement at age 65, and assumed that he would work 35 hours per week (1,750 hours each year), notwithstanding testimony from the vice-president of Local 638 that a steamfitter is lucky to work even 1,700 hours per year. This estimate, predicated on various assumptions that lacked any evidentiary support, was unduly inflated, and thus justified the court's reduction of the jury's award. Concur—Mazzarelli, J.P., Sweeny, Renwick, Freedman and Román, JJ.