■ RICHARD STYPICK et al., Appellants-Respondents, v CITY OF LOCKPORT et al., Respondents-Appellants. [649 NYS2d 854] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied the cross motion of plaintiffs for partial summary judgment on their Labor Law § 240 (1) cause of action against defendant City of Lockport. There is a question of fact whether the injuries of Richard Stypick (plaintiff) resulted from a fall from an elevated work site (see generally, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 499-501; Rocovich v Consolidated Edison Co., 78 NY2d 509).

The court erred, however, in determining that 12 NYCRR 23-2.7 does not apply to the facts of this case with respect to the Labor Law § 241 (6) cause of action (see, Adams v Glass Fab, 212 AD2d 972, 973). The court also erred in determining that 12 NYCRR 23-4.3, governing access to excavations, applies to the facts of this case (see, Adamczyk v Hillview Estates Dev. Corp., 226 AD2d 1049).

Finally, the court erred in denying that part of defendants' motion for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action against defendant O'Brien and Gere Engineers, Inc. That defendant monitored the progress of the work, but neither directed nor controlled plaintiff's activities (see, Russin v Picciano & Son, 54 NY2d 311, 317). (Appeals from Order of Supreme Court, Niagara County, Rath, Jr., J.—Summary Judgment.) Present—Pine, J. P., Fallon, Balio and Davis, JJ.