■ BECKY J. GIELOW, Respondent-Appellant, v ROSA COPLON HOME et al., Defendants, and ROSA COPLON JEWISH HOME & INFIRMARY et al., Appellants-Respondents. KAMDAR SERVICES, INC., Third-Party Plaintiff, v FRANK L. CIMINELLI CONSTRUCTION CO., INC., Third-Party Defendant-Appellant-Respondent. [674 NYS2d 551] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, a carpenter employed by third-party defendant Frank L. Ciminelli Construction Co., Inc. (Ciminelli), was injured on October 16, 1991 when she slipped and fell on the sloped side of an excavation while checking the condition of a wooden form at the bottom of the excavation. Menorah Campus, Inc. (Menorah Campus), owned the construction site and contracted on July 31, 1991 with Ciminelli for the construction of a residential health care facility. Menorah Campus was formed as a not-for-profit corporation to administer and market an adult living project. Menorah Campus had three not-for-profit corporations as subsidiaries, including defendant Rosa Coplon Jewish Home & Infirmary (Coplon), that were organized to provide residential and health care services. Menorah Campus, as landlord, and Coplon, as tenant, entered into a lease, dated July 31, 1991, for a term of 40 years to commence on the date that construction of the facility was completed and the tenant took possession of the premises. Coplon took possession of the premises on August 30, 1993. Apparently, Coplon is the corporate successor to defendants Rosa Coplon Home, Rosa Coplon Nursing Home, and Rosa Coplon Jewish Old Folks Home (collectively, Rosa Coplon defendants). The Rosa Coplon defendants did not move for summary judgment and are not appellants.

Defendant Kamdar Services, Inc. (Kamdar), a subcontractor of Ciminelli, performed the excavation work. The sides of the 14-foot-deep excavation were sloped at an angle to prevent cave-ins. After the excavation was dug and footers were poured, Ciminelli erected wooden forms in which concrete was to be poured to form the basement walls. The embankment sloped down to the outside base of the forms. On the day of the accident, plaintiff and a co-worker were visually checking for missing pins used on the wooden forms in preparation for the pouring of concrete. Plaintiff entered the excavation by climbing down a ladder. As plaintiff checked the pins on the outside of the forms, she occasionally had to walk on the adjoining slope, which was muddy and slippery. It was also necessary for

plaintiff to walk under, over or around wood braces, which were placed between the forms and the slope. According to plaintiff, she was checking the pins along the bottom of a 50-foot-long form and was walking up the sloped embankment backwards when her right leg slipped, causing her to slide six to eight feet to the bottom of the slope.

Plaintiff commenced this action, asserting causes of action for common-law negligence and under Labor Law §§ 200, 240 (1) and § 241 (6). Kamdar commenced a third-party action against Ciminelli for indemnification. Kamdar and Coplon moved and Ciminelli cross-moved for summary judgment dismissing plaintiff's complaint. Plaintiff cross-moved for partial summary judgment on liability under Labor Law § 240 (1) and for leave to amend the complaint to add Menorah Campus as a defendant or, in the alternative, for an order declaring the Rosa Coplon defendants owners, contractors or agents under the Labor Law.

Supreme Court granted plaintiff's cross motion insofar as it sought leave to amend the complaint to add Menorah Campus as a defendant and denied the cross motion insofar as it sought a declaration that the Rosa Coplon defendants are owners, contractors or agents under the Labor Law. The court granted in part the motions of Kamdar and Coplon and the cross motion of Ciminelli for summary judgment and dismissed the Labor Law § 240 (1) cause of action but refused to dismiss the common-law negligence and Labor Law §§ 200 and 241 (6) causes of action.

The court properly dismissed the Labor Law § 240 cause of action. "[A]bsolute liability under Labor Law § 240 (1) for injuries sustained by a worker who slid down a slope is wholly unwarranted" (*Williams v White Haven Mem. Park*, 227 AD2d 923; *see, Doty v Eastman Kodak Co.*, 229 AD2d 961, *lv dismissed in part and denied in part* 89 NY2d 855).

The court should have granted that part of the motions of Kamdar and Coplon and that part of the cross motion of Ciminelli seeking dismissal of the Labor Law § 241 (6) cause of action. In opposition to the motions and cross motion, plaintiff alleged that defendants violated 12 NYCRR 23-1.7 (d) and (f); 23-2.2 (b) and 23-4.3. None of those regulations applies here.

12 NYCRR 23-1.7 (d) is not applicable in this case because "plaintiff did not slip on a foreign substance, but slipped on muddy ground that was exposed to the elements" (*Scarupa v Lockport Energy Assocs.*, 245 AD2d 1038). While "12 NYCRR 23-1.7 (f) sets forth the specific standards of conduct required to support a Labor Law § 241 (6) cause of action" (*Akins v*

*Baker*, 247 AD2d 562), it does not apply here because plaintiff was not injured while attempting to access working levels above or below ground. She had already descended into the excavation without injury. Plaintiff's injury occurred because plaintiff slipped while she was checking pins along the bottom of the wooden form. 12 NYCRR 23-2.2 (b) also is not applicable; plaintiff's injury was not caused by an unstable form, shore or bracing during the placing of concrete. Nor does 12 NYCRR 23-4.3 apply here. Plaintiff was provided with a ladder for access into the excavation and was not entering into or exiting from the excavation when her accident occurred (*see, Stypick v City of Lockport*, 233 AD2d 850; *Doty v Eastman Kodak Co., supra*, at 962).

The court also erred in denying that part of the motions of Kamdar and Coplon and that part of the cross motion of Ciminelli seeking dismissal of the common-law negligence and Labor Law § 200 causes of action. Kamdar, the subcontractor responsible for site clearing and excavation work, had no authority to supervise or control plaintiff's activity as an employee of Ciminelli. Further, Kamdar had completed the excavation work several weeks before the accident. Moreover, Kamdar did not have the authority to control the activity bringing about the injury. Therefore, the Labor Law § 200 cause of action against it should have been dismissed (*see, Russin v Picciano & Son*, 54 NY2d 311, 317; *Wright v Nichter Constr. Co.*, 213 AD2d 995). For those additional reasons, Kamdar is not liable as an owner, contractor or agent under Labor Law § 240 (1) or § 241 (6) (*see, Russin v Picciano & Son, supra*, at 318; *Wright v Nichter Constr. Co., supra*, at 995-996). The common-law negligence cause of action against Kamdar should have been dismissed as well. Kamdar was not involved in the place-, ment of the wooden forms at the base of the excavation, and the sides of the excavation were angled to prevent cave-ins, not to provide work surfaces for Ciminelli's employees (*see, Smith v. Curtis Lbr. Co.*, 183 AD2d 1018, 1019).

Similarly, Coplon established that it did not exercise supervision or control over the work of plaintiff or her employer, and the evidence submitted by plaintiff in opposition to Coplon's motion is insufficient to raise an issue of fact (*see, Rothschild v Faber Homes*, 247 AD2d 889). "Where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877). To the extent that Coplon employed

a construction consultant at the site, "[d]efendant's general supervision and presence at the work site to check on the progress of the work and compliance with building specifications does not constitute the control or supervision necessary to establish liability under section 200 or for common-law negligence" (*Riley v Stickl Constr. Co.*, 242 AD2d 936, 937).

Finally, the court should not have granted plaintiff's cross motion for leave to amend the complaint to add Menorah Campus as a defendant. The Statute of Limitations had already expired, and plaintiff may not benefit from the relation back doctrine because Menorah Campus is not united in interest with the original defendants (*see*, CPLR 203 [b]; *Balderman v Capital City/Am. Broadcasting Co.*, 233 AD2d 861, 862; *Capital Dimensions v Oberman Co.*, 104 AD2d 432, 433-434). Thus, we modify the order by granting in their entirety the motions of Kamdar and Coplon and the cross motion of Ciminelli and dismissing the complaint against Kamdar and Coplon and by denying plaintiff's cross motion for leave to amend the complaint to add Menorah Campus as a defendant. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Callahan, Balio and Boehm, JJ.