■ CHARLES C. SMITH et al., Respondents-Appellants, v M.V. WOODS CONSTRUCTION Co., INC., Appellant-Respondent, et al., Defendant. [764 NYS2d 749] —Appeal and cross appeal from an order of Supreme Court, Onondaga County (Major, J.), entered March 1, 2002, which, inter alia, denied the cross motion of defendant M.V. Woods Construction Co., Inc. seeking to set aside the verdict pursuant to CPLR 4404 (a).

It is hereby ordered said cross appeal be and the same hereby is dismissed and the order is modified on the law by granting in part the cross motion of defendant M.V. Woods Construction Co., Inc. and setting aside the verdict with respect to damages for past and future loss of earnings, past and future loss of household services and future medical expenses and as modified the order is affirmed without costs, and a new trial is granted with respect to those elements of damages only.

Memorandum: M.V. Woods Construction Co., Inc. (defendant) appeals from that part of an order denying its cross motion seeking to set aside the verdict pursuant to CPLR 4404 (a). Plaintiffs cross-appeal from that part of the same order denying their motion for an additur. Plaintiffs commenced this action pursuant to Labor Law § 241 (6) to recover damages for injuries sustained by Charles C. Smith (plaintiff) while employed as a mason's helper on a construction project. Plaintiff injured his back while lifting 40-pound cinder blocks

from the ground and placing them on an eight-foot-high scaffold. Plaintiff could not reach the scaffold from a makeshift 24-inch-high platform that had been constructed with cinder blocks and thus had to throw the cinder blocks up over his head and onto the scaffold. The jury returned a verdict finding that defendant violated 12 NYCRR 23-1.7 (f) and awarding plaintiffs damages for past and future loss of earnings, past and future loss of household services, pain and suffering and future medical expenses.

Contrary to defendant's contentions, Supreme Court properly denied that part of the cross motion seeking to set aside the verdict finding that defendant violated 12 NYCRR 23-1.7 (f). There is evidence from which the jury could find that defendant violated the regulation by failing to provide plaintiff with a safe means of access to his working level on the scaffold. Furthermore, there is evidence from which the jury could find that the failure on the part of defendant to provide plaintiff with a safe means of access necessitated the throwing of the cinder blocks, resulting in the injury to plaintiff's back. *Gielow v Rosa Coplon Home* (251 AD2d 970 [1998], *lv dismissed in part and denied in part* 92 NY2d 1042 [1999], *rearg denied* 93 NY2d 889 [1999]), cited by the dissent, is distinguishable because there, the plaintiff had already accessed the work level at which she was injured, and so the availability of safe access to that work level was not at issue. Here, by contrast, plaintiff was injured in the process of accessing a work level above the ground.

We agree with defendant, however, that plaintiffs' vocational rehabilitation expert was not qualified to express an opinion on past and future loss of earnings, past and future loss of household services and future medical expenses. The court therefore abused its discretion in allowing plaintiffs' expert to testify concerning those elements of damages (*cf. Gomez v New York City Hous. Auth.*, 217 AD2d 110, 116-117 [1995]) and likewise erred in denying that part of the cross motion seeking to set aside the verdict with respect to those elements of damages.

"An expert witness must possess the requisite skill, training, knowledge or experience to ensure that an opinion rendered is reliable" (*Daum v Auburn Mem. Hosp.*, 198 AD2d 899, 899 [1993]; *see Matott v Ward*, 48 NY2d 455, 459 [1979]). Thus, for example, a medical expert is not qualified as a ballistics expert (*see Garcia v City of New York*, 104 AD2d 438, 439 [1984], *affd* 65 NY2d 805 [1985]), and a metallurgist may not testify on dynamics and forces (*see Hileman v Schmitt's Garage*, 58 AD2d

1029, 1029-1030 [1977]). Plaintiffs' expert was qualified by training and experience as a vocational rehabilitation expert, thus enabling him to assess plaintiff's vocational abilities (*see Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952, 954-955 [1998]; *Lopez v Kenmore-Tonawanda School Dist.*, 275 AD2d 894, 896 [2000]; *Greene v Xerox Corp.*, 244 AD2d 877, 878 [1997], *lv denied* 91 NY2d 809 [1998]). Nothing in this record, however, suggests that his area of expertise includes assessing past and future loss of earnings, past and future loss of household services or future medical expenses, all of which are generally the subject of expert testimony by an economist (*see e.g. Patterson v Kummer Dev. Corp.*, 302 AD2d 873 [2003] [loss of earnings]; *James v Eber Bros. Wine & Liq. Corp.*, 153 AD2d 329, 334 [1990], *lv denied* 75 NY2d 711 [1990]; *Stanton v Hexam Gardens Constr. Co.*, 144 AD2d 132, 133 [1988] [loss of household services]; *Hersh v Przydatek*, 286 AD2d 984, 985 [2001]; *Valentine v Lopez*, 283 AD2d 739, 743 [2001] [future medical expenses]). In the absence of a proper foundation for the expert's opinion, the verdict awarding damages for past and future loss of earnings, past and future loss of household services and future medical expenses is against the weight of the evidence (*see Ellis Hosp. v Little*, 65 AD2d 644, 646 [1978], *appeal dismissed* 47 NY2d 951 [1979]). We therefore modify the order by granting that part of defendant's cross motion seeking to set aside those elements of damages, and we grant a new trial with respect to those elements of damages only.

In view of our determination, we do not address the merits of defendant's remaining contentions. We note that defendant did not move for a directed verdict (*see* CPLR 4401) on the ground that the evidence is legally insufficient with respect to damages for past loss of household services (*see Schultz v Harrison Radiator Div. Gen. Motors Corp.*, 90 NY2d 311, 320 [1997]) and thus failed to preserve for our review its present contention concerning the legal sufficiency of that evidence (*see Givens v Rochester City School Dist.*, 294 AD2d 898 [2002]). We dismiss the cross appeal inasmuch as the motion for an additur was made off the record and plaintiffs failed to comply with CPLR 5525 (d) (*see Martin v Dominick*, 280 AD2d 586 [2001]).

All concur except Scudder and Kehoe, JJ., who dissent in accordance with the following memorandum.

Scudder and Kehoe, JJ. (dissenting). We respectfully dissent. In our view, Supreme Court erred in denying the cross motion of M.V. Woods Construction Co., Inc. (defendant), the general contractor, to set aside the jury verdict finding that Charles C.

Smith (plaintiff) was injured as a result of a violation of Labor Law § 241 (6) and 12 NYCRR 23-1.7 (f). The court should have granted the cross motion and ordered that judgment be entered for defendant dismissing the complaint against it. We would modify the order accordingly and dismiss the cross appeal as moot. The Industrial Code provision relied upon by plaintiffs as a basis for liability under section 241 (6) (*see Ross v Curtis-Palmer Hydro-Elec. Corp.*, 81 NY2d 494, 503-505 [1993]) is inapplicable to the facts of this case as a matter of law, and any alleged violation thereof was not a proximate cause of plaintiff's injuries as a matter of law (*see e.g. Murphy v American Airlines,* 277 AD2d 25, 26 [2000]; *Gielow v Rosa Coplon Home,* 251 AD2d 970, 971-972 [1998], *lv dismissed in part and denied in part* 92 NY2d 1042 [1999], *rearg denied* 93 NY2d 889 [1999]; *cf. Acosta v Kent Bentley Apts.,* 298 AD2d 124, 125 [2002]; *O'Hare v City of New York,* 280 AD2d 458 [2001]; *Sponholz v Benderson Prop. Dev.,* 273 AD2d 791, 792 [2000]; *Sopha v Combustion Eng'g,* 261 AD2d 911, 912 [1999]; *Akins v Baker,* 247 AD2d 562 [1998]).

The evidence at trial establishes that plaintiff injured his back while hefting cement blocks from ground level and "shot putting" them over his head up and onto an eight-foot-high scaffolding. Plaintiff pleaded and sought to prove a violation of 12 NYCRR 23-1.7 (f), contending that he was denied a safe means of access from the ground to the higher level to which the blocks were being moved. That subdivision is entitled "Vertical passage" and is part of a regulation concerned with "Protection from general hazards," including "Overhead hazards," "Falling hazards," "Drowning hazards," "Slipping hazards" and "Tripping and other hazards." Pursuant to that subdivision, "Stairways, ramps or runways shall be provided as the means of access to working levels above or below ground except where the nature or the progress of the work prevents their installation in which case ladders or other safe means of access shall be provided" (12 NYCRR 23-1.7 [f]). The regulation is expressly directed to "passage" or "access" to or from a scaffolding, and was intended to cover the risks of falling, slipping or tripping while making one's ascent or descent. The regulation does not apply where, as here, "plaintiff was not injured while attempting to access working levels above or below ground" (*Gielow,* 251 AD2d at 972). The risk of injuring oneself while lifting building materials is not a risk identified in the regulation, nor is it one that would ordinarily be alleviated by providing the worker safe vertical "passage" or "access." Moreover, the injury that plaintiff sustained to his back had nothing to do with his actual or attempted passage or access from one

level to another, thus negating any claimed causal connection between the alleged violation and plaintiff's injury. The majority's interpretation of the regulation transforms it from one requiring a safe means of access for workers moving to a higher or lower working level to one prohibiting the manual moving of material from one working level to another except by means of a stairway or ramp. Present—Wisner, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.