■ MARTIN KOZLOWSKI, Respondent-Appellant, v ROBERT A. RIPIN et al., Appellants-Respondents. [874 NYS2d 241]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated February 4, 2008, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1) and the plaintiff cross-appeals from so much of the same order as denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 241 (6).

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 241 (6), is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff was injured while painting an apartment in a building owned by the defendants, when the ladder on which he was standing to paint the ceiling began to shake from side to side, causing him to fall. Photographs of the ladder taken after the accident showed that the bolt that held one of the ladder's stabilizing bars was missing.

The plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the cause of action pursuant to Labor Law § 240 (1) by his deposition testimony that, while he performed his assigned work, the unsecured ladder on which he

was standing began to shake from side to side, causing him to fall to the floor (*see Salon v Millinery Syndicate, Inc.*, 47 AD3d 914 [2008]; *Hart v Turner Constr. Co.*, 30 AD3d 213 [2006]; *Boe v Gammarati*, 26 AD3d 351 [2006]; *Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173 [2004]; *Pineda v 79 Barrow St. Owners Corp.*, 297 AD2d 634 [2002]; *Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289 [2002]). The evidence that the bolt was missing from the ladder's stabilizing bar after the ladder fell established, prima facie, that the bolt was either missing, damaged, or loose when the plaintiff used the ladder. In opposition, the defendants failed to raise any triable issues of fact.

The plaintiff also met his burden of establishing a violation of the Industrial Code, and that such violation was a proximate cause of his injuries (*see* 12 NYCRR 23-1.21 [b] [3] [i], [ii]). Although the comparative negligence of a plaintiff is a defense to a cause of action based upon Labor Law § 241 (6), so as to preclude the award of summary judgment to a plaintiff on that cause of action (*see Johnson v Flatbush Presbyt. Church*, 29 AD3d 862 [2006]), the defendants failed to offer evidence in admissible form sufficient to raise a triable issue of fact with respect to this defense (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Accordingly, the plaintiff was entitled to summary judgment on the issue of liability on both the Labor Law § 240 (1) and Labor Law § 241 (6) causes of action. Mastro, J.P., Balkin, Dickerson and Belen, JJ., concur.