Sochan v Mueller (2018 NY Slip Op 04457)





Sochan v Mueller


2018 NY Slip Op 04457


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND NEMOYER, JJ.


566 CA 17-01943

[*1]DOUGLAS SOCHAN AND KIMBERLY SOCHAN, PLAINTIFFS-RESPONDENTS,
v
STEVE MUELLER AND ELITE AUTO REPAIR OF AUBURN, INC., DEFENDANTS-APPELLANTS. 






SUGARMAN LAW FIRM, LLP, SYRACUSE (STEPHEN A. DAVOLI OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
FINE OLIN & ANDERMAN, LLP, NEWBURGH (VICTORIA LIGHTCAP OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered July 7, 2017. The order denied defendants' motion for summary judgment dismissing plaintiffs' complaint and granted plaintiffs' cross motion for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiffs' cross motion and granting defendants' motion in part and dismissing the Labor Law
§ 241 (6) cause of action insofar as that cause of action is based upon the alleged violation of 12 NYCRR 23-1.21 (a), (b) (1), (2), (3) (ii), (iii); (4) (i), (iii-v); (5)-(10); (d), (e) and (f), and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries that Douglas Sochan (plaintiff) allegedly sustained while working for Verizon New York, Inc. on property owned by defendant Steve Mueller and on which Mueller operated his business, defendant Elite Auto Repair of Auburn, Inc. (Elite Auto). According to plaintiff, he fell and was injured when the ladder that he used to access a loft storage area "kick[ed] out" from under him. It is undisputed that the ladder used by plaintiff was the top half of an extension ladder that lacked any rubber feet and belonged to defendants. It is also undisputed that plaintiff's employer prohibited its employees from using customers' ladders or ladders without rubber feet, and that plaintiff had a stepladder and an extension ladder in his work truck, which he had driven to defendants' property. Plaintiffs alleged in the complaint that defendants were negligent and violated Labor Law §§ 240 (1) and 241 (6) inasmuch as they provided plaintiff with a defective ladder. With respect to the section 241 (6) cause of action, plaintiffs alleged that defendants violated regulations 12 NYCRR 23-1.7 (f) and 23-1.21.
Defendants moved for summary judgment dismissing the complaint, and plaintiffs cross-moved for summary judgment on liability on the Labor Law § 240 (1) cause of action. Supreme Court denied defendants' motion and granted plaintiffs' cross motion. With respect to the Labor Law § 241 (6) cause of action, the court denied defendants' motion insofar as that cause of action was predicated on the alleged violations of 12 NYCRR 23-1.7 (f) and 23-1.21 (a), (b) (3), (4); (c) and (d). We note at the outset that the parties acknowledge that the court failed to address all of the alleged violations of 12 NYCRR 23-1.21. Generally, the failure to rule is deemed a denial of the motion (see generally Brown v U.S. Vanadium Corp., 198 AD2d 863, 864 [4th Dept 1993]), but plaintiffs in their brief consent to the dismissal of their section 241 (6) cause of action insofar as it is based on the subdivisions of 23-1.21 that were not specifically addressed by the court, i.e., 12 NYCRR 23-1.21 (b) (1), (2), (5)-(10); (e) and (f). Plaintiffs also consent in their brief to the dismissal of that cause of action insofar as it is based on subdivisions of 23-1.21 (b) (3) and (4) upon which they do not rely, to wit: 12 NYCRR 23-1.21 (b) (3) (ii), (iii) and (4) (i), (iii-v). We therefore modify the order by granting that part of defendants' motion for summary judgment [*2]dismissing the Labor Law § 241 (6) cause of action insofar as it is based upon those claims that were specifically withdrawn by plaintiffs.
We agree with defendants that the court erred in granting plaintiffs' cross motion, and we therefore further modify the order accordingly, but we reject defendants' contention that the court erred in denying that part of their motion seeking summary judgment dismissing the Labor Law § 240 (1) cause of action. Defendants' own submissions, upon which plaintiffs relied in support of their cross motion, raised triable issues of fact whether plaintiff's "own conduct . . . was the sole proximate cause of his accident" (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]; see Gallagher v New York Post, 14 NY3d 83, 88 [2010]; Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1404 [4th Dept 2015]).
We reject defendants' remaining contentions concerning the Labor Law § 240 (1) cause of action. Contrary to defendants' contention, we conclude that they failed to establish as a matter of law that plaintiff was neither " permitted or suffered to work on a building,' " nor hired by someone to do that work (Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 50-51 [2004]). We further conclude that defendants failed to establish as a matter of law that plaintiff was not engaged in an enumerated activity, i.e., altering a building or structure (see e.g. Weininger v Hagedorn & Co., 91 NY2d 958, 959-960 [1998], rearg denied 92 NY2d 875 [1998]; Schick v 200 Blydenburgh, LLC, 88 AD3d 684, 686 [2d Dept 2011], lv dismissed 19 NY3d 876 [2012]), or repairing a building or structure (see Cullen v AT & T, Inc., 140 AD3d 1588, 1589-1590 [4th Dept 2016]). It is of no moment that the injury occurred when plaintiff was doing his "pre-job survey" to determine the best way to perform his work inasmuch as
" it is neither pragmatic nor consistent with the spirit of the statute to isolate the moment of injury and ignore the general context of the work' " (Saint v Syracuse Supply Co., 25 NY3d 117, 124 [2015], quoting Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882 [2003]). This is not a situation where the inspection and work fell into two separate and distinct phases of a larger project (cf. Martinez v City of New York, 93 NY2d 322, 326 [1999]).
Contrary to defendants' contention with respect to the Labor Law § 241 (6) cause of action, they failed to establish as a matter of law that they did not violate 12 NYCRR 23-1.7 (f), which concerns vertical passages. That regulation is sufficiently specific to support a Labor Law § 241 (6) cause of action (see Baker v City of Buffalo, 90 AD3d 1684, 1685 [4th Dept 2011]), and plaintiff was "injured in the process of accessing" the elevated loft area (Smith v Woods Constr. Co., 309 AD2d 1155, 1156 [4th Dept 2003]; cf. Gielow v Coplon Home, 251 AD2d 970, 972 [4th Dept 1998], lv dismissed in part and denied in part 92 NY2d 1042 [1999], rearg denied 93 NY2d 889 [1999]). Contrary to defendants' further contention, the loft area constitutes a working level above ground even if it was generally used for only storage (cf. Harrison v State of New York, 88 AD3d 951, 953 [2d Dept 2011]; Farrell v Blue Circle Cement, Inc., 13 AD3d 1178, 1179-1180 [4th Dept 2004], lv denied 4 NY3d 708 [2005]).
We agree with defendants, however, that they are entitled to summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it is based on an alleged violation of 12 NYCRR 23-1.21 (a). That regulation is not sufficiently specific to support a Labor Law § 241 (6) cause of action (see Kin v State of New York, 101 AD3d 1606, 1608 [4th Dept 2012]), and we therefore further modify the order accordingly.
To the extent that plaintiffs alleged that defendants violated 12 NYCRR 23-1.21 (b) (3) (i), (iv) and (4) (ii), we conclude that defendants failed to establish as a matter of law that those regulations were not violated or that any violation of those regulations was not a proximate cause of the accident (see Estrella v GIT Indus., Inc., 105 AD3d 555, 555-556 [1st Dept 2013]; De Oliveira v Little John's Moving, 289 AD2d 108, 109 [1st Dept 2001]; cf. Kozlowski v Ripin, 60 AD3d 638, 639 [2d Dept 2009]).
Contrary to defendants' contention, 12 NYCRR 23-1.21 (c), which concerns single ladders, applies to this case inasmuch as the ladder being used by defendant was being used as a single ladder (see 12 NYCRR 23-1.4 [b] [50]). Moreover, defendants' reliance on Partridge v Waterloo Cent. Sch. Dist. (12 AD3d 1054 [4th Dept 2004]) is misplaced. In that case, we held that regulations concerning the exact specifications of a safety device were not applicable where the safety device was never actually provided to the injured plaintiff. Here, the safety device, i.e., the ladder, was used by plaintiff and, therefore, the regulations concerning the required [*3]specifications for that device are applicable.
Inasmuch as the ladder, which comprised only the top half of an extension ladder, was being used as a single ladder, we agree with defendants that the regulation concerning extension ladders, i.e., 12 NYCRR 23-1.21 (d), is inapplicable to this case, and we therefore further modify the order accordingly.
Finally, we reject defendants' contention that the court erred in denying that part of their motion with respect to the common-law negligence cause of action. Where the injured worker's employer provides the allegedly defective equipment, the analysis turns on whether the defendant owner had the authority to supervise or control the work (see Ortega v Puccia, 57 AD3d 54, 61-62 [2d Dept 2008]). Where, however, the defendant owner provides the allegedly defective equipment, the legal standard "is whether the owner created the dangerous or defective condition or had actual or constructive notice thereof" (Chowdhury v Rodriguez, 57 AD3d 121, 123 [2d Dept 2008]; see Ciesielski v Buffalo Indus. Park, 299 AD2d 817, 819 [4th Dept 2002]; Higgins v 1790 Broadway Assoc., 261 AD2d 223, 224-225 [1st Dept 1999]), because in that situation the defendant property owner "is possessed of the authority, as owner, to remedy the condition" of the defective equipment (Chowdhury, 57 AD3d at 130). Contrary to defendants' contention, they failed to establish as a matter of law that they did not create the dangerous condition of the ladder or have either actual or constructive notice of it (see id., 57 AD3d at 132; cf. Dougherty v O'Connor, 85 AD3d 1090, 1090 [2d Dept 2011]). Moreover, "the absence of rubber shoes on a ladder is a visible and apparent defect,' evidence of which may be sufficient to raise a triable issue of fact on the issue of constructive notice" (Patrikis v Arniotis, 129 AD3d 928, 929 [2d Dept 2015]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court