■ ROBERT G. DeLONG, JR., et al., Respondents-Appellants, v STATE STREET ASSOCIATES, L.P. et al., Appellants-Respondents. [621 NYS2d 172] —Yesawich Jr., J. Cross appeals from an order of the Supreme Court (Relihan, Jr., J.), entered January 14, 1994 in Tompkins County, which, *inter alia,* granted plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

This action has its genesis in an accident that occurred when plaintiff Robert G. DeLong, Jr. was engaged in painting the exterior foundation walls of an apartment building owned by defendants. At the time, DeLong was working on a side of the building located on a slope of a hill, upon which had been constructed a series of relatively level terraced areas, each of

which was lower than that immediately uphill from it. The ground level at the downhill end of each terrace was several feet above that of the adjoining terrace below it. While working immediately adjacent to such a drop-off, DeLong misstepped and fell to the terrace below, a distance of approximately four or five feet, sustaining injuries and prompting this lawsuit. In their complaint, DeLong and his wife—who seeks to recover for derivative losses—allege that defendants were negligent and violated Labor Law §§ 200, 240 (1) and § 241 (6).

With issue joined and depositions completed, defendants moved for summary judgment dismissing the complaint, and plaintiffs cross-moved for partial summary judgment on their Labor Law §§ 240 and 241 claims. Supreme Court dismissed the causes of action alleging violations of Labor Law §§ 200 and 241 and granted plaintiffs' motion with respect to defendants' liability pursuant to Labor Law § 240 (1). Defendants appeal and plaintiffs cross-appeal.

Supreme Court did not err in granting plaintiffs' motion for summary judgment on their Labor Law § 240 (1) claim, for while DeLong's worksite was at ground level, his injury nevertheless resulted from "a difference between the elevation level of the required work and a lower level" (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514), which caused a gravity-related accident (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501); in short, there was a significant risk inherent in the task DeLong was to perform because of the relative elevation at which it had to be performed (*see, Rocovich v Consolidated Edison Co., supra,* at 514). Moreover, no safety devices were provided, and defendants have made no showing that a safety harness or other protective device would not have prevented DeLong's fall (*see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524; *Wieszchowski v Skidmore Coll.,* 147 AD2d 822, 823).

To the extent that defendants rely on *Kimball v Fort Ticonderoga Assn.* (167 AD2d 581, *lv dismissed* 77 NY2d 989), it would appear, from the language employed to delineate the proper scope of this statute's application in *Rocovich v Consolidated Edison Co. (supra)* and *Ross v Curtis-Palmer Hydro-Elec. Co. (supra),* that *Kimball* has limited continuing precedential value. Inasmuch as the close proximity of a worksite to a man-made or natural drop-off clearly involves an elevation differential and poses a risk of the gravity-related hazards from which Labor Law § 240 (1) is intended to provide protection, application of the statute is appropriate in such a situa-

tion, at least where, as here, the magnitude of the elevation is more than de minimis.

Dismissal of plaintiffs' other claims was, however, warranted. Given that plaintiffs make no showing that defendants had actual control over the safety aspects of the workplace or over the manner in which the contractors and subcontractors carried out their tasks (see, Ross v Curtis-Palmer Hydro-Elec. Co., supra, at 505; Rapp v Zandri Constr. Corp., 165 AD2d 639, 642), Supreme Court cannot be faulted for concluding that they failed to make out a prima facie case of liability under Labor Law § 200. Furthermore, the "defect" which caused DeLong's fall, namely, the elevation differential between the terraces, was obvious and readily observable by anyone, including DeLong himself (see, Stephens v Tucker, 184 AD2d 828, 830).

As for the alleged violation of Labor Law § 241 (6), plaintiffs point to several safety regulations with which defendants allegedly failed to comply. Of those regulations, only 12 NYCRR 23-1.7 (b) (1) merits discussion; the remainder plainly are either inapplicable to the factual pattern at hand or are so general in nature that liability under Labor Law § 241 (6) does not flow from their breach (see, Ross v Curtis-Palmer Hydro-Elec. Co., supra, at 504). As for 12 NYCRR 23-1.7 (b) (1), which requires that precautions be taken with regard to "hazardous openings" into which one may fall, as Supreme Court observed the elevation difference that caused DeLong's fall is simply not an "opening".

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, without costs.