■ ROBERT TOOHER et al., Respondents, v WILLETS POINT CONTRACTING CORPORATION, Appellant. [623 NYS2d 431] —Mercure, J. Appeal from an order of the Supreme Court (Lynch, J.), entered December 16, 1993 in Schenectady County, which, *inter alia,* granted plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

On September 5, 1989, plaintiff Robert Tooher (hereinafter plaintiff) sustained the injuries forming the basis for this action when he fell into a trench (40 feet long, 15 feet wide and 10 to 15 feet deep) constructed as part of a project to clean and repair underground water mains in New York City. In order to maintain the integrity of the excavation, the sides of the trench were shored with three-inch oak planks. Two sets of horizontal 20-foot timbers were positioned end-to-end on each side of the excavation, at levels approximately two feet and seven feet below ground level. The horizontal timbers (and the oak planking behind them) were in turn braced by crossbeams spanning the width of the trench. Prior to September 5, 1989, some of the interior crossbeams had been removed to permit the retrieval of a large piece of equipment from the

water pipe at the bottom of the trench. As a temporary measure, vertical 20-foot timbers were positioned in the trench, extending along the sides at the point of intersection of the horizontal timbers. The accident took place after the equipment had been retrieved, during the dismantling of the temporary supports. After the removal of the crossbeams that had braced the vertical timbers, plaintiff was walking on one of the horizontal timbers situated two feet below ground level and took hold of an unsecured vertical timber, which gave way, causing plaintiff to "ride" it into the excavation.

Defendant appeals from Supreme Court's order granting plaintiffs' motion and denying defendant's cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), primarily contending that plaintiff's injuries were caused by the collapse of a shoring timber, a hazard outside the ambit of Labor Law § 240 (1). We disagree and accordingly affirm. There is no question that, although occurring below ground level, plaintiff was injured in a gravity-related accident where a protective device was called for because of the elevation differential between plaintiff's work site and a lower level (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500-501; Rocovich v Consolidated Edison Co., 78 NY2d 509, 514; DeLong v State St. Assocs., 211 AD2d 891; Nichols v Deer Run Investors, 204 AD2d 929). As such, plaintiff's accident falls squarely within the intended scope of Labor Law § 240 (1) (see, supra; cf., Kelleher v Power Auth., 211 AD2d 918). Defendant's reliance upon Third Department cases predating the Court of Appeals decisions in Ross v Curtis-Palmer Hydro-Elec. Co. (supra) and Rocovich v Consolidated Edison Co. (supra) is clearly misplaced (see, e.g., Kimball v Fort Ticonderoga Assn., 167 AD2d 581, lv dismissed 77 NY2d 989).

Nor are we persuaded that plaintiff's injuries were caused by an excavation cave-in and that, as a result, his sole remedy is under Labor Law § 241 (6) (cf., Kelleher v First Presbyt. Church, 158 AD2d 946, lv dismissed 75 NY2d 947; Staples v Town of Amherst, 146 AD2d 292). As a final matter, the argument that Labor Law § 240 (1) does not apply because plaintiff's work did not involve a building or structure was not raised before Supreme Court and, thus, has not been preserved for our review (see, Rohdie v Michael Guidice Inc., 132 AD2d 541, 542) and is found to lack merit in any event (see, Lewis-Moors v Contel of N. Y., 78 NY2d 942, 943).

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.