■ KELLY WILCOX, Respondent-Appellant, v PARAGON CABLE T.V., Appellant-Respondent, et al., Defendant. [661 NYS2d 397] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was injured when he fell from a City of Jamestown (City) utility pole to which he had been installing a television cable line. Defendant Paragon Cable T.V. (Paragon) was successor in interest to the holder of a license granted by the City permitting the installation of a cable line and attachments to the pole. Paragon hired plaintiff's employer to install the cable line and attachments. Supreme Court erred in denying the cross motion of plaintiff for partial summary judgment on the Labor Law § 240 (1) cause of action. The record establishes that Paragon is an "owner" under Labor Law § 240 (1). Paragon contracted to have the installation work performed for its benefit and had the power to enforce safety standards and to choose responsible contractors (*see, Clute v Ellis Hosp.*,

184 AD2d 942, 944; *see also, Lynch v City of New York,* 209 AD2d 590, 591; *cf., Dedario v New York Tel. Co.,* 162 AD2d 1001).

The court should have granted in part Paragon's motion for summary judgment and dismissed the Labor Law § 241 (6), § 200 and common-law negligence causes of action. With respect to the Labor Law § 241 (6) cause of action, plaintiff failed to allege a violation of a specific regulation (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505). With respect to the Labor Law § 200 and common-law negligence causes of action, the record establishes that Paragon did not exercise supervision or control over the work of plaintiff or his employer and that the dangerous condition arose from the methods of plaintiff's employer (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877). (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.