LONNIE R. PALMER et al., Respondents, v H. ROBERT BUTTS, Defendant and Third-Party Plaintiff-Respondent. NIAGARA MOHAWK POWER CORPORATION, Third-Party Defendant-Appellant. [684 NYS2d 924] —Order unanimously affirmed with costs. Memorandum: On a prior appeal in this action, we stated that H. Robert Butts, as the owner of the property on which the accident occurred, "had a nondelegable duty under Labor Law § 240 (1) and § 241 (6) even though the property is subject to an easement that he granted to [third-party defendant] Niagara Mohawk [Power Corporation] and even though Butts did not exercise any supervision and control over the work being performed by plaintiff [Lonnie R. Palmer] or benefit from such work" (*Palmer v Alltel N. Y.,* 227 AD2d 914, 915, *lv denied* 89 NY2d 805). Niagara Mohawk's reliance on *McGregor v Bravo* (251 AD2d 1002) is misplaced. The tree trimming in this case constituted site preparation that was "necessary and incidental to or an integral part of" the erection of utility poles, and thus was a protected activity under section 240 (1) of the Labor Law (*Mosher v St. Joseph's Villa,* 184 AD2d 1000, 1002; *see, Lombardi v Stout,* 80 NY2d 290, 296).

Supreme Court properly determined that the third-party action for indemnification and/or contribution is not barred by the 1996 amendment to Workers' Compensation Law § 11 because the employee's underlying action for personal injuries was commenced before September 10, 1996 (*see, Blessinger v*

*Estee Lauder Cos.,* 246 AD2d 363). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.