■ Manuel Trillo et al., Appellants, v City of New York et al., Respondents. [691 NYS2d 515] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about May 19, 1998, which, to the extent appealed from as limited by plaintiffs' brief, denied plaintiff's motion for summary judgment as to liability upon his Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for further proceedings.

Plaintiff Manuel Trillo commenced this action to recover for personal injuries sustained while employed as a carpenter/ timberman in connection with the installation of new sewers on a construction site. Plaintiff's employer was retained in a joint venture to perform excavation work which involved digging trenches for new sewers and water pipes. The trenches were dug in sections measuring 20 feet long by 8 feet wide and 8 feet deep. Plaintiff's job was to cut and help install a wood "sheeting" to support the trench. The "sheeting" consisted of a series of wooden 10 inch by 10 inch, 20 foot long beams, which ran parallel to the sides of the trench, and were supported by 10 inch by 10 inch by 4 foot long wooden beams called "posts", which were placed vertically beneath the long beams. The hor-

izontal and vertical beams were nailed together and wooden cross braces also measuring 10 inches by 10 inches were placed across the trench, perpendicular to the horizontal 20 foot long beams running along the side of the trench. The cross braces were wedged in and no other fixation device was used to hold them. The record reveals that the cross braces were held in place by "pressure" and were used by workers to cross over the trench. They were lowered and then pushed into place by means of a chain attached to a backhoe or similar machine. Plaintiff was informed by co-workers that the particular brace in question was slightly short. Therefore he had to nail a 10 inch by 10 inch block to the horizontal beam to make up the difference so that the cross brace could be wedged in securely. As plaintiff stepped on a 20 foot long horizontal beam running along the side of the trench in order to begin nailing, the whole structure he was standing on collapsed. Plaintiff, along with a co-worker, fell to the bottom of the trench. After landing in the trench, Mr. Trillo was struck by the falling brace and sustained a severe ankle fracture and soft tissue damage.

Plaintiff's motion for summary judgment as to liability upon his Labor Law § 240 (1) claim was improperly denied. Whether plaintiff's fall was caused by the collapse of the wooden sheeting structure over the trench, or by the earth giving way on the side of the trench as the sheeting was being installed, the fact remains that plaintiff was caused to fall eight feet to the bottom of the excavation. This trench supported by the wood sheeting constituted a difference in elevation and therefore, a risk within the contemplation of Labor Law § 240 (1) (*Tooher v Willets Point Contr. Corp.*, 213 AD2d 856; *Nichols v Deer Run Investors,* 204 AD2d 929; *Frierson v Concourse Plaza Assocs.*, 189 AD2d 609).

Plaintiff has made a prima facie showing that defendants failed to provide safety devices required by the statute and that this failure was a proximate cause of his accident. Defendants failed to raise a factual issue in opposition. Accordingly, summary judgment as a matter of law on the issue of liability is required (*Felker v Corning Inc.*, 90 NY2d 219). Concur—Sullivan, J. P., Tom, Lerner and Buckley, JJ.