■ WILFRED R. BOCKMIER, Appellant, v NIAGARA RECYCLING, INC., Respondent. [696 NYS2d 605] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover damages for work-related injuries he sustained at a landfill owned by defendant. The accident occurred when plaintiff stepped or jumped 3 to 4 feet from the top of a berm to a flattened area in a 15-foot excavation, injured his knee, and tumbled to the bottom of the excavation.

Supreme Court erred in granting that part of defendant's motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action, which is based upon defendant's alleged violation of 12 NYCRR 23-4.3. Defendant failed to meet its burden of establishing that it did not violate that regulation, that the regulation is not applicable to plaintiff's accident (cf., Gielow v Rosa Coplon Home, 251 AD2d 970, 972, lv dismissed in part and denied in part 92 NY2d 1042, rearg denied 93 NY2d 889; Ozzimo v H.E.S., Inc., 249 AD2d 912, 914) or that its violation of the regulation was not a proximate cause of plaintiff's injuries (cf., Allen v Hodorowski & DeSantis Bldg. Contrs., 220 AD2d 959, 960-961).

The court also erred in granting that part of defendant's motion seeking summary judgment dismissing the Labor Law § 240 (1) cause of action and denying plaintiff's cross motion for partial summary judgment on liability on that cause of action. Contrary to defendant's contentions, a landfill is a "structure" within the meaning of the statute (see generally, Lewis-Moors v Contel of N. Y., 78 NY2d 942, 943; see also, Covey v Iroquois Gas Transmission Sys., 218 AD2d 197, 199, affd 89 NY2d 952; Tooher v Willets Point Contr. Corp., 213 AD2d 856, 857), and the 15-foot excavation posed "the type of elevation-related risk for which Labor Law § 240 (1) provides protection" (Covey v Iroquois Gas Transmission Sys., 89 NY2d 952, 954, supra; see, Tooher v Willets Point Contr. Corp., supra, at 857; DeLong v State St. Assocs., 211 AD2d 891, 892). It is undisputed that no safety devices were provided to protect plaintiff as he attempted to gain access to the worksite by descending into the excavation (see, Nichols v Deer Run Investors, 204 AD2d 929, 931; see also, Rocovich v Consolidated Edison Co., 78 NY2d 509, 513-514). The fact that plaintiff stepped or jumped rather than fell into the excavation does not deprive him of the protection of the statute (see, Sherman v Piotrowski Bldrs., 229 AD2d 959, 959-960).

We therefore modify the order by denying those parts of defendant's motion seeking summary judgment dismissing the Labor Law § 241 (6) and § 240 (1) causes of action, reinstating those causes of action and granting plaintiff's cross motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Callahan and Balio, JJ.