■ RONALD B. WIDRIG et al., Respondents, v ALLTEL NEW YORK, INC., Appellant. (Action No. 1.) RONALD B. WIDRIG et al., Plaintiffs, v NICK LABARBERA, as Executor of ROSEANNE G. LA-BARBERA, Deceased, and Trustee of the Living Trust of ROSE-ANNE G. LABARBERA, Deceased, Defendant and Third-Party Plaintiff-Respondent. ALLTELL NEW YORK, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. (Action No. 2.) [722 NYS2d 662] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this common-law negligence and Labor Law action after the limb of

a tree that Ronald B. Widrig (plaintiff) was attempting to remove fell on his left hand. Plaintiff's employer was hired to trim and remove trees in preparation for the placement of new utility poles along a road. As the new poles were erected, a crew from defendant Alltel New York, Inc. (Alltel) transferred the telephone lines from the old utility poles to the new ones. Plaintiff cleared the trees so that the utility poles with the attached lines could be erected.

Supreme Court properly granted that part of plaintiffs' cross motion seeking partial summary judgment on the Labor Law § 240 (1) cause of action against Alltel. Alltel, the owner of the telephone lines, does not dispute that plaintiff was engaged in a protected activity under Labor Law § 240 (1) (*see, Palmer v Butts,* 256 AD2d 1178; *see also, Mosher v St. Joseph's Villa,* 184 AD2d 1000, 1002), and that a utility pole with attached lines constitutes a "structure" within the meaning of Labor Law § 240 (1) (*see, Lewis-Moors v Contel of N. Y.,* 78 NY2d 942, 943; *Fuller v Niagara Mohawk Power Corp.,* 213 AD2d 986, *lv denied* 86 NY2d 708). Alltel contends, however, that it was not an "owner" within the meaning of Labor Law § 240 (1) because it did not own the utility poles. We disagree. Although Alltel did not own the utility poles, it owned the lines attached to those poles. Alltel was thus an "owner" within the meaning of Labor Law § 240 (1) (*see, Wilcox v Paragon Cable T.V.,* 241 AD2d 914).

The court erred, however, in denying that part of the motion of Alltel seeking summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action against it. Plaintiff was injured as a result of the methods of plaintiff's employer, and Alltel did not exercise supervision or control over the work of plaintiff or his employer (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *Wilcox v Paragon Cable T.V., supra,* at 915). Finally, the court did not err in denying that part of the motion of Alltel seeking dismissal of the third-party complaint against it. Alltel failed to advance any argument in support of that part of its motion and thus failed to meet its initial burden of establishing its entitlement to judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). We therefore modify the order by granting in part the motion of Alltel and dismissing the Labor Law § 200 and common-law negligence causes of action against it. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Scudder and Lawton, JJ.