■ DAVID CONGI et al., Respondents, v NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Appellant. [741 NYS2d 629] —Appeal from an order of Supreme Court, Niagara County (Fricano, J.), entered May 2, 2001, which, inter alia, granted plaintiffs' motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1) and denied defendant's cross motion to dismiss that cause of action. David Congi (plaintiff) was injured when he fell while attempting to descend into an excavated trench to tie together rebar rod, which held in place PVC pipes at a construction project at the Niagara Falls International Airport. Contrary to defendant's contentions, plaintiff's fall into the excavated trench is "the type of elevation-related risk for which Labor Law § 240 (1) provides protection" (*Covey v Iroquois Gas Transmission Sys.*, 89 NY2d 952, 954; *see Bockmier v Niagara Recycling*, 265 AD2d 897), and the absence of any safety device to protect plaintiff from the risk of injury when accessing the work area in the trench was the proximate cause of plaintiff's injuries (*see Felker v Corning Inc.*, 90 NY2d 219, 224; *cf. Weininger v Hagedorn & Co.*, 91 NY2d 958, 960, *rearg denied* 92 NY2d 875). Furthermore, whether the work area at the location where plaintiff fell was 30 inches below grade, as described by defendant, or 10 feet below grade, as described by plaintiff, is not dispositive here; the extent of the elevation differential or the distance that a worker falls does not necessarily determine the applicability of Labor Law § 240 (1) (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514-515; *Siago v Garbade Constr. Co.*, 262 AD2d 945; *Norton v Bell & Sons*, 237 AD2d 928, 929). Present—Wisner, J.P., Scudder, Kehoe, Burns and Gorski, JJ.