JOSEPH BEYEA et al., Respondents, v MALCOLM PIRNIE, INC., Appellant. [747 NYS2d 653] —Appeal from an order of Supreme Court, Erie County (Mahoney, J.), entered May 3, 2001, which denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Defendant was hired by a federal agency to collect groundwater samples at wells drilled at a landfill, and defendant subcontracted with plaintiff's employer, Advanced Drilling Investigations (ADI), to drill the wells. While working at the landfill during the month of February, plaintiff Joseph Beyea slipped on a patch of ice as he stepped from a bulldozer, thereby injuring his knee. Plaintiffs thereafter commenced this action asserting causes of action for common-law negligence and the violation of Labor Law § 200 and a derivative cause of action.

Even assuming, arguendo, that defendant met its initial burden on the motion, we conclude that plaintiffs raised a triable issue of fact to defeat defendant's motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). In opposition to the motion, plaintiffs submitted contractual documents establishing that, although ADI would provide all equipment and personnel necessary for safe work areas and safe access thereto, defendant's site safety and health coordinator and site manager had the authority to stop the work because of inclement weather conditions. In addition, plaintiffs submitted evidence establishing that defendant had shut down the site the week before the accident because of inclement weather, and had hired a private contractor to remove ice from an access

road at the work site three or four weeks before the accident. We conclude that plaintiffs thereby established as a matter of law that defendant had " 'the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition' " (*Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352 [emphasis omitted]; *see Kehoe v Segal*, 272 AD2d 583, 584). That authority included control over safety matters at the site (*see generally Farrell v Okeic*, 266 AD2d 892, 893; *Blackburn v Eastman Kodak Co.*, 256 AD2d 1123; *Miller v Wilmorite, Inc.*, 231 AD2d 843), beyond general supervisory control or enforcement of general safety standards (*cf. Blysma v County of Saratoga*, 296 AD2d 637; *Soshinsky v Cornell Univ.*, 268 AD2d 947, 947-948). We further conclude that plaintiffs raised an issue of fact whether defendant was negligent in exercising that control by failing to shut down the site based on the accumulation of ice and snow (*see generally Rizzuto*, 91 NY2d at 353; *Scarupa v Lockport Energy Assoc.*, 245 AD2d 1038). Present—Pine, J.P., Wisner, Hurlbutt, Scudder and Burns, JJ.