■ MONIQUE E. CUMMINGS, as Administrator of the Estate of MARK E. CUMMINGS, Deceased, Respondent-Appellant, v I. & O. A. SLUTSKY, INC., Appellant-Respondent. [757 NYS2d 625] —Crew III, J. Cross appeals from an order of the Supreme Court (Connor, J.), entered April 10, 2001 in Columbia County, which denied the parties' motions for partial summary judgment.

Decedent was employed by P & V Sadowski Construction, Inc. (hereinafter Sadowski) and, at the time of his accident, was engaged in the repair and renovation of a bridge located in the Town of Malta, Saratoga County. Defendant was the general contractor for the project and Sadowski had subcontracted

to perform the reconstruction and replacement of the vertical concrete piers that supported the bridge deck.

On August 16, 1996, decedent arrived at the work site and gathered his equipment, which included a jackhammer, preparatory to working on one of the concrete piers located at the southern end of the bridge. In order to get to his work site, decedent walked across a concrete block incline ramp that ran from the shoulder of the roadway up to the base of the bridge deck. Decedent was approximately seven feet up the ramp, walking in a southerly direction, when he slipped, fell to the ramp deck and slid down the incline to the shoulder of the road. When decedent fell, the jackhammer he was carrying landed on to his left hand allegedly causing serious physical injury. Plaintiff, as administrator of decedent's estate, commenced the instant action premised upon common-law negligence and violations of Labor Law §§ 200 and 240 (1) and § 241 (6). After issue was joined and discovery was completed, plaintiff moved for partial summary judgment on the issue of Labor Law § 240 (1) liability and defendant cross-moved for similar relief. Supreme Court denied both motions, prompting these cross appeals.

It is now axiomatic that Labor Law § 240 (1) seeks to protect workers from elevation-related hazards resulting in injuries sustained by a worker falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). Simply put, decedent here did not fall from an elevated work site. Rather, decedent was walking across a ramp at ground level toward his work site when he slipped and fell. The mere fact that the ramp upon which decedent was walking was on an incline, resulting in his sliding some seven feet to the shoulder of the road, does not bring this case within the ambit of the elevation-related hazards contemplated by Labor Law § 240 (1) (*see e.g. Grant v Reconstruction Home*, 267 AD2d 555 [1999], *appeal dismissed* 95 NY2d 831 [2000], *lv dismissed* 95 NY2d 825 [2000]; *Doty v Eastman Kodak Co.*, 229 AD2d 961 [1996], *lv dismissed and denied* 89 NY2d 855 [1996]).

In this regard, plaintiff's reliance upon our decision in *Dougherty v State of New York* (113 AD2d 983 [1985]) is misplaced. There, we concluded that it was error for the Court of Claims to hold that Labor Law § 240 (1) required that a worker fall from an elevated height in order to come within the class of individuals for whose benefit the statute was enacted. Indeed, given the present state of the law established by the Court of Appeals, that is an apt statement of the law today (*see*

*Ross v Curtis-Palmer Hydro-Elec. Co., supra; Rocovich v Consolidated Edison Co.,* 78 NY2d 509 [1991]).* Moreover, a careful reading of *Dougherty*, the facts of which are nearly indistinguishable from the facts now before us, actually supports our holding here. The claimant in *Dougherty* was placing a ladder against a pier underneath a bridge deck on an incline running from the shoulder of the road to the base of the bridge deck. While attempting to put the ladder in place, the claimant slipped on the incline and fell. The Court of Claims, holding that Labor Law § 240 (1) required that the claimant fall from an elevated height, granted the defendant's motion for dismissal of the Labor Law § 240 (1) claim. We tacitly acknowledged that the claimant did not fall from an elevated height when we reversed so much of the Court of Claims' order as granted the defendant's motion, noting that it was error to hold as it did. Accordingly, Supreme Court's decision must be modified by granting defendant's cross motion for partial summary judgment dismissing the cause of action premised upon Labor Law § 240 (1).

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's cross motion for partial summary judgment dismissing the Labor Law § 240 (1) cause of action; cross motion granted and partial summary judgment awarded to defendant dismissing said cause of action; and, as so modified, affirmed.

---

* We previously have cautioned against reliance upon Third Department cases predating these Court of Appeals' decisions (*see Tooher v Willets Point Contr. Corp.*, 213 AD2d 856, 857 [1995]).