█ JOHN TURNER, Plaintiff, v SANO-RUBIN CONSTRUCTION COMPANY, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. AM CONTRACTING, LLC, Third-Party Defendant-Respondent. (And a Fourth-Party Action.) [775 NYS2d 417]—

Crew III, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered February 19, 2003 in Albany County, which, inter alia, denied a cross motion by defendant Sano-Rubin Construction Company for, inter alia, summary judgment on its third-party complaint.

Plaintiff, an employee of fourth-party defendant, Rayco Acoustical, Inc. (hereinafter R & G), was injured when he fell off a scaffold at a construction site. The scaffold rolled out from under plaintiff after his supervisor, an R & G employee, unlocked the wheels of the scaffold and told plaintiff to pull himself along the rafters, thereby accelerating plaintiff's above-ground work.

Plaintiff thereafter commenced this action against, among others, defendant Sano-Rubin Construction Company, the general contractor, alleging common-law negligence and violations of Labor Law §§ 200, 240 and 241. Sano-Rubin, in turn, commenced a third-party action for contractual indemnification and a defense against third-party defendant, AM Contracting, LLC, who had hired R & G. Following joinder of issue, plaintiff moved for summary judgment and Sano-Rubin cross-moved for, inter alia, summary judgment on its third-party action against AM Contracting. Supreme Court, inter alia, denied Sano-Rubin's cross motion for summary judgment against AM Contracting, prompting this appeal.

Sano-Rubin contends that Supreme Court erred in failing to grant it summary judgment inasmuch as the contract between it and AM Contracting required AM Contracting to provide indemnification and counsel fees for injuries to a worker at the construction site. We agree. While it is clear that summary judgment is inappropriate when there exist issues of fact as to the negligence of the contractual indemnitee (*see Squires v Marini Bldrs.*, 293 AD2d 808, 809 [2002], *lv denied* 99 NY2d 502 [2002]), in order for Sano-Rubin to be liable here, it must have been directly, rather than vicariously, negligent, i.e., it must appear that it exercised supervisory control over plaintiff's work and had actual or constructive knowledge of the unsafe manner in which the work was being performed (*see* General Obligations Law § 5-322.1 [1]; *Lyon v Kuhn*, 279 AD2d 760, 761

[2001]). In this regard, the retention of general supervisory control or mere presence at the worksite is not sufficient to establish the control necessary to impose liability under the common law or the Labor Law (*see Soshinsky v Cornell Univ.*, 268 AD2d 947 [2000]). Rather, AM Contracting had to demonstrate that Sano-Rubin controlled the very manner or methods by which plaintiff did his work or that it exercised direct supervision and control over plaintiff's work at the time of the accident (*see Ryder v Mount Loretto Nursing Home*, 290 AD2d 892, 894 [2002]). This AM Contracting failed to do.

Here, the record makes plain that while Sano-Rubin personnel were at the site from time to time and monitored R & G's work to ensure that it was being done properly, plaintiff's actual work was overseen and directed by R & G personnel, and plaintiff's injuries were sustained when an R & G supervisor unlocked the wheels to the scaffold and directed plaintiff to pull himself along the rafters in order to more quickly finish his work. There is no evidence that Sano-Rubin personnel were even present at the time of plaintiff's fall, much less that Sano-Rubin exercised direct supervision over his work at the time. Accordingly, Supreme Court erred in denying Sano-Rubin's cross motion for summary judgment against AM Contracting.

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Sano-Rubin Construction Company's cross motion for summary judgment against third-party defendant, AM Contracting, LLC; that part of said cross motion granted and summary judgment awarded to said defendant to that extent; and, as so modified, affirmed.