TED FINKLE, Appellant-Respondent, v A.J. ECKERT COMPANY, INC., Respondent-Appellant. [783 NYS2d 110]—

Carpinello, J. Cross appeals from an order of the Supreme Court (Dowd, J.), entered January 19, 2004 in Chenango County, which, inter alia, partially granted defendant's motion for summary judgment dismissing the complaint.

In May 2000, defendant was the general contractor on a university construction project. Plaintiff's employer was a subcontractor hired to excavate a trench and install an underground heat tunnel. Plaintiff was allegedly injured when he fell approximately nine feet to the bottom of a 12-foot deep trench. According to plaintiff, at the time of the accident, he was entering the trench via a concrete conduit that was located

three feet below ground level. He had a piece of plywood in his hand at the time. As he landed on the conduit, "the ground went out from under [him]" and he fell to the bottom of the trench.

According to plaintiff, it was pouring rain at the time of his accident and there were no ladders in the vicinity to access the trench. According to defendant, on the other hand, several ladders were available to plaintiff that day, as was a boom fork lift to transport material into the trench. Defendant also presented proof that plaintiff knew that he was not supposed to use the concrete conduit to access the trench and that the presence of a ladder would not have prevented his fall, since plaintiff himself testified at an examination before trial that he generally did not use ladders if he was carrying material into a trench or if it was muddy or slippery outside.

In this action seeking damages as a result of alleged violations of Labor Law §§ 200, 240 (1) and § 241 (6), Supreme Court partially granted defendant summary judgment by dismissing plaintiff's Labor Law §§ 200 and 240 (1) claims. These cross appeals ensued. Plaintiff claims that Supreme Court not only erred in dismissing these claims, but also erred in denying his cross motion for summary judgment under Labor Law § 240 (1). Defendant claims that the court correctly dismissed the Labor Law §§ 200 and 240 (1) claims, but should have also dismissed the Labor Law § 241 (6) cause of action.

We find that Supreme Court erred in partially granting defendant summary judgment. Contrary to defendant's characterization of the subject accident, accepted by Supreme Court in dismissing the Labor Law § 240 (1) claim, the record does not unequivocally establish that plaintiff slid down the slope of an excavation trench such that liability under this particular statutory provision is unwarranted as a matter of law (*compare Cummings v I. & O. A. Slutsky,* 304 AD2d 860 [2003]; *Gielow v Coplon Home,* 251 AD2d 970 [1998], *appeal dismissed and lv denied* 92 NY2d 1042 [1999]; *Doty v Eastman Kodak Co.,* 229 AD2d 961 [1996], *lv dismissed and denied* 89 NY2d 855 [1996]; *Williams v White Haven Mem. Park,* 227 AD2d 923 [1996]). Rather, there is record support for the factual allegation that plaintiff fell from an elevated area (the concrete conduit) (*cf. Allen v Hodorowski & DeSantis Bldg. Contrs.,* 220 AD2d 959 [1995]) a significant distance into the trench (approximately nine feet) (*cf. Gile v General Elec. Co.,* 272 AD2d 833, 834 [2000]). Thus, defendant was not entitled to summary judgment dismissing the Labor Law § 240 (1) claim on the ground that plaintiff's accident fell outside the ambit of the statute (*see*

*Congi v Niagara Frontier Transp. Auth.*, 294 AD2d 830 [2002]; *Bockmier v Niagara Recycling*, 265 AD2d 897 [1999]; *Trillo v City of New York*, 262 AD2d 121 [1999]; *Tooher v Willets Point Contr. Corp.*, 213 AD2d 856 [1995]; *DeLong v State St. Assoc.*, 211 AD2d 891, 892 [1995]; *see also Covey v Iroquois Gas Transmission Sys.*, 89 NY2d 952 [1997]; *Alexandre v City of New York*, 300 AD2d 263 [2002]). Nor is plaintiff entitled to summary judgment on this claim since questions of fact have also been raised concerning whether defendant provided safety devices for him to gain access into the trench and/or whether any alleged absence of safety devices was a proximate cause of plaintiff's injury (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524 [1985]; *see also Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998]; *Gottstine v Dunlop Tire Corp.*, 272 AD2d 863, 864 [2000]).

Plaintiff's Labor Law § 200 claim was also improperly dismissed. There is at a minimum sufficient record evidence to present a triable issue of fact as to whether defendant exercised more than general supervisory control over the work site (*see Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352-353 [1998]). In particular, there is evidence that defendant's field superintendent had the authority, exercised in the past on this very project, to shut down all work due to inclement weather (*see Beyea v Malcolm Pirnie, Inc.*, 298 AD2d 940, 940-941 [2002]). There is evidence that the day of plaintiff's accident was marked with steady rain.

As a final matter, Supreme Court properly refused to dismiss the Labor Law § 241 (6) claim as plaintiff raised an issue of fact concerning whether there was a violation of 12 NYCRR 23-4.3, which requires that ladders, stairways or ramps be provided every 25 feet in any excavation more than three feet deep for safe access and egress (*see Bockmier v Niagara Recycling, supra* at 897; *Allen v Hodorowski & DeSantis Bldg. Contrs., supra* at 961).

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted defendant's motion for summary judgment; motion denied in its entirety; and, as so modified, affirmed.