JAMES CONKLIN, Appellant-Respondent, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY et al., Respondents-Appellants. [855 NYS2d 54]—

Plaintiff alleges that he was injured when he slipped on a

"chicken ladder" or "makeshift ladder," consisting of two parallel wooden planks with two-by-fours nailed across them at regular intervals, which was placed on sloped ground to function as a ramp, and which provided the sole means of access to his employer's shanty. As a ramp, the "chicken ladder" presented a risk covered by Labor Law § 240, and the record demonstrates that defendants' failure to equip it with a handrail or other safety device was the proximate cause of plaintiff's injuries (*see McCann v Central Synagogue*, 280 AD2d 298, 299-300 [2001]). We note that plaintiff's untimely cross motion was not improperly considered, since it sought relief on the same issues as were raised in defendants' timely motion (*see Altschuler v Gramatan Mgt., Inc.*, 27 AD3d 304, 304-305 [2006]).

Plaintiff's Labor Law § 241 (6) claim predicated upon Industrial Code (12 NYCRR) § 23-1.7 (f) was properly sustained, because the ramp, which is alleged to have been unsafe, provided a means of access to different working levels. The claim predicated upon section 23-1.7 (d) should have been sustained because the ramp constituted a passageway alleged to have been covered in a slippery substance. Plaintiff slipped not on muddy ground but on mud covering the cross-pieces of the ramp. The remaining Labor Law § 241 (6) claims were properly dismissed.

Plaintiff's Labor Law § 200 claim was properly sustained as against Campbell, the general contractor, who constructed and maintained the "chicken ladder" alleged to have been constantly in a muddy and slippery state (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Lombardi v Stout*, 80 NY2d 290 [1992]). Concur—Tom, J.P., Buckley, Sweeny and Moskowitz, JJ.