■ JOSEPH FASSETT, Respondent-Appellant, v WEGMANS FOOD MARKETS, INC., Respondent, and HUNT ENGINEERS, ARCHITECTS AND LAND SURVEYORS, P.C., Appellant-Respondent. [888 NYS2d 635]—

---

* Though not calculated in Supreme Court's judgment, those fees amounted to $15,700.

Peters, J.P. Cross appeals from an order of the Supreme Court (Lebous, J.), entered June 30, 2008 in Broome County, which, among other things, granted the motion of defendant Wegmans Food Markets, Inc. for summary judgment dismissing the complaint against it.

Plaintiff was employed as a heavy equipment operator by Fahs Rolston Paving Corporation, which had been contracted by defendant Wegmans Food Markets, Inc. to replace a sidewalk outside of a Wegmans store in the City of Ithaca, Tompkins County. Wegmans had also entered into a contract with defendant Hunt Engineers, Architects and Land Surveyors, P.C. in which Hunt agreed to provide construction monitoring and inspection services in connection with the sidewalk reconstruction. While plaintiff was exiting the cab of the backhoe he had been operating, he slipped on mud that had accumulated on the backhoe's battery cover, which served as a step to access the cab, and injured his ankle. Work had been suspended the previous day due to heavy rain and, on the date of the accident, the work site was extremely muddy and it was misting.

Plaintiff commenced this action against Wegmans and Hunt alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6).[1] Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted Wegmans' motion for summary judgment in its entirety, granted Hunt's summary judgment motion as to the cause of action under Labor Law § 241 (6), but denied Hunt's motion as to the negligence and Labor Law § 200 claims. These cross appeals by plaintiff and Hunt ensued.

We begin by addressing plaintiff's Labor Law § 200 and common-law negligence claims. Labor Law § 200 is a codification of the common-law duty of an owner or general contractor

---

1. Plaintiff later withdrew his Labor Law § 240 (1) claim.

to provide construction site workers with a safe place to work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). In order for Wegmans or Hunt to be found liable thereunder, "it must be shown that they 'exercised supervisory control over plaintiff's work and had actual or constructive knowledge of the unsafe manner in which the work was being performed' " (*Biance v Columbia Washington Ventures, LLC*, 12 AD3d 926, 927 [2004], quoting *Turner v Sano-Rubin Constr. Co.*, 6 AD3d 910, 911 [2004]; *see Shields v General Elec. Co.*, 3 AD3d 715, 716 [2004]).

Here, while Wegmans retained general contractual authority to halt work and object to work that did not conform to contract specifications, there is no evidence that it exercised any direct supervision or actual control over the construction site or the work activity bringing about the injury. Paul Lehrer, an engineer employed by Wegmans and the project manager for the sidewalk reconstruction project, stated in his deposition that he was never physically present at the work site, was not directly involved in directing the construction and that Hunt was Wegmans' on-site representative. Indeed, Lehrer testified that he was never contacted regarding the weather conditions at the site either the day prior to plaintiff's accident when work was cancelled or on the day of the incident. Plaintiff confirmed that neither Lehrer nor any other Wegmans' employee was ever present at the construction site and that no one from Wegmans ever directed his work. Thus, with no record evidence that Wegmans exerted any actual control or supervision over plaintiff or the manner in which the work was performed, Supreme Court properly dismissed the negligence and Labor Law § 200 claims against Wegmans (*see Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *Blysma v County of Saratoga*, 296 AD2d 637, 639 [2002]; *Fairchild v Servidone Constr. Corp.*, 288 AD2d 665, 668 [2001]).

As to Hunt, we agree with Supreme Court that plaintiff raised a triable issue of fact sufficient to withstand summary judgment. Although Hunt correctly notes that "general supervisory authority at the work site for the purpose of overseeing the progress of the work and inspecting the work product has been found insufficient to establish a cause of action under Labor Law § 200" (*Riccio v Shaker Pine*, 262 AD2d 746, 748 [1999], *lv dismissed* 93 NY2d 1042 [1999]; *see Riley v Stickl Constr. Co.*, 242 AD2d 936, 937 [1997]), plaintiff submitted proof demonstrating that Hunt actually exercised supervisory control and directed his work. Specifically, plaintiff testified at his deposition that Larry Smith, Hunt's engineering technician assigned to the project, was present at the work site each day when he

arrived and that he would consult with Smith regarding what work he was to perform and how he was to perform it. In addition, plaintiff considered Smith to be his boss and believed that Smith had the authority to control the method and manner of his work. According to plaintiff, on the first day of the job, he consulted with Smith regarding the proper method for performing the drain installation and sidewalk excavation. Although he advised Smith that the drain should be installed before removing the existing sidewalk, Smith disagreed and instructed him to remove the existing sidewalk first. Notwithstanding Hunt's assertions that it had no contractual authority to halt work or remedy a dangerous condition, the record reveals that Smith was aware of the condition of the work site and, in fact, participated in the decision to shut down the work site on the day prior to the accident due to inclement weather (*see Finkle v A.J. Eckert Co., Inc.*, 11 AD3d 794, 796 [2004]; *Beyea v Malcolm Pirnie, Inc.*, 298 AD2d 940, 940-941 [2002]). Moreover, Smith conceded that he had the authority to stop the work if, in his opinion, it was not being carried on in a safe manner. This evidence was sufficient to create an issue of fact as to whether Hunt exercised the requisite supervisory or safety control over plaintiff's work on the property so as to preclude summary judgment on the negligence and Labor Law § 200 claims (*see Corsino v New York City Tr. Auth.*, 9 NY3d 978, 979 [2007]; *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d at 352-353).

With respect to plaintiff's Labor Law § 241 (6) cause of action, to the extent that it is predicated upon a violation of 12 NYCRR 23-1.7 (d),[2] we find that Supreme Court erred in granting summary judgment in favor of defendants. Labor Law § 241 (6) imposes a nondelegable duty upon owners, contractors and their agents to provide adequate protection and safety for workers and, to establish a claim under this section, plaintiff must allege that defendants violated a rule or regulation promulgated by the Commissioner of Labor that sets forth a specific standard of conduct (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]; *Copp v City of Elmira*, 31 AD3d 899, 899 [2006]; *Musillo v Marist Coll.*, 306 AD2d 782, 783 [2003]). 12 NYCRR 23-1.7 (d) provides, in pertinent part, that no employee shall be permitted "to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition" and requires the removal of any "[i]ce, snow, water, grease and any other foreign substance which may cause slippery footing."

Here, plaintiff slipped on mud that had accumulated on the

---

**2.** Plaintiff abandoned his claim under 12 NYCRR 23-9.2.

battery cover of the backhoe and fell approximately four feet to the ground. The battery cover served as a step and was the only means of access to the cab. While the cover previously had foot treads on it, they had worn away. Thus, the uncontroverted evidence established that the battery cover constituted a passageway that plaintiff was required to use in order to access his equipment (*see Beltrone v City of New York*, 299 AD2d 306, 308 [2002]; *Whalen v City of New York*, 270 AD2d 340, 342 [2000]; *see also Conklin v Triborough Bridge & Tunnel Auth.*, 49 AD3d 320, 321 [2008]; *Linkowski v City of New York*, 33 AD3d 971, 974 [2006]; *cf. Cafarella v Harrison Radiator Div. of Gen. Motors*, 237 AD2d 936, 937 [1997]). Notably, responsibility under Labor Law § 241 (6) extends not only to the area where the work was actually being conducted, but to the entire construction site, including passageways and platforms, in order to insure the safety of workers going to and from the points of actual work (*see Kane v Coundorous*, 293 AD2d 309, 311 [2002]; *Rossi v Mount Vernon Hosp.*, 265 AD2d 542, 543 [1999]; *Sergio v Benjolo N.V.*, 168 AD2d 235, 236 [1990]; *Brogan v International Bus. Machs. Corp.*, 157 AD2d 76, 79 [1990]). Furthermore, contrary to Wegmans' contention, the mud on the backhoe's battery cover upon which plaintiff slipped was a "foreign substance" within the meaning of 12 NYCRR 23-1.7 (d) (*see Conklin v Triborough Bridge & Tunnel Auth.*, 49 AD3d at 321; *Cottone v Dormitory Auth. of State of N.Y.*, 225 AD2d 1032, 1033 [1996]; *see also Sweet v Packaging Corp. of Am., Tenneco Packaging*, 297 AD2d 421, 422 [2002]; *cf. Scarupa v Lockport Energy Assoc.*, 245 AD2d 1038, 1039 [1997]).

Rose, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motions of defendants Wegmans Food Markets, Inc. and Hunt Engineers, Architects and Land Surveyors, P.C. for summary judgment dismissing the Labor Law § 241 (6) claim; said motions denied to that extent; and, as so modified, affirmed. [*See* 20 Misc 3d 1119(A), 2008 NY Slip Op 51393(U).]