██ JOHN A. LAVIGNE et al., Respondents, v GLENS FALLS CEMENT COMPANY, INC., Formerly Known as GLENS FALLS CEMENT COMPANY OF NEW YORK, et al., Appellants. [939 NYS2d 172]—

Mercure, A.P.J. 

Plaintiff John Lavigne (hereinafter plaintiff) was an employee of a contractor retained by defendant Glens Falls Lehigh Cement Company to perform electrical work at its cement plant. After a faulty high-voltage cable led to a power failure at the plant, plaintiff assisted in pulling the cable out of a conduit. Due to the cable's length and heft, its removal required the use

---

of a mechanical "super tugger." The cable snapped during removal, striking and injuring plaintiff.

Plaintiffs thereafter commenced this action and asserted claims in negligence and under Labor Law §§ 200 and 241 (6). Following joinder of issue and discovery, defendants* moved for summary judgment dismissing the complaint, while plaintiffs cross-moved for summary judgment on the Labor Law § 241 (6) claim. Supreme Court dismissed plaintiffs' negligence and Labor Law § 200 claims, but denied both motions with regard to the Labor Law § 241 (6) claim. The court determined that plaintiff's injuries arose within the context of demolition and/or construction work, but that questions of fact existed as to whether defendants had violated specific safety regulations applicable to demolition activities. Defendants appeal and we now modify by dismissing the complaint in its entirety.

Plaintiff claims that he was engaged in construction or demolition work at the time he was injured, thus triggering the protections of Labor Law § 241 (6) (*see Esposito v New York City Indus. Dev. Agency,* 1 NY3d 526, 528 [2003]; *Alexander v Hart,* 64 AD3d 940, 944 [2009]). Plaintiff's work, however, did not "affect[ ] the structural integrity of the building or structure or [constitute] an integral part of the construction [or demolition] of a building or structure" (*Walton v Devi Corp.,* 215 AD2d 60, 63 [1995], *lv denied* 87 NY2d 809 [1996]; *see* 12 NYCRR 23-1.4 [b] [13], [16]; *Bombard v Central Hudson Gas & Elec. Co.,* 229 AD2d 837, 838 [1996], *lv dismissed and denied* 89 NY2d 854 [1996]). Rather, his work was unrelated to any broader renovation or construction project, and was limited to removing and replacing damaged cable. Inasmuch as the replacement of previously installed cable, without more, had no physical impact upon the structural integrity of the plant, plaintiffs' Labor Law § 241 (6) claim should have been dismissed (*see Nagel v D & R Realty Corp.,* 99 NY2d 98, 102-103 [2002]; *Rhodes-Evans v 111 Chelsea LLC,* 44 AD3d 430, 433-434 [2007]; *Jani v City of New York,* 284 AD2d 304, 305 [2001]; *cf. Joblon v Solow,* 91 NY2d 457, 466 [1998]; *Smith v Pergament Enters. of S.I.,* 271 AD2d 870, 873 [2000]).

Defendants' remaining claims are rendered academic in light of the foregoing.

Peters, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is modified, on the law, with costs to de-

---

* Plaintiffs have discontinued their claims against Lehigh Portland Delaware, LLC and Lehigh Cement Company, leaving as defendants only those who moved for summary judgment—Glens Falls Cement Company, Inc., Lehigh Portland New York, LLC and Glens Falls Lehigh Cement Company.

fendants, by reversing so much thereof as denied defendants' motion for summary judgment dismissing plaintiffs' Labor Law § 241 (6) cause of action; motion granted and complaint dismissed in its entirety; and, as so modified, affirmed. **[Prior Case History: 30 Misc 3d 1202(A), 2010 NY Slip Op 52241(U).]**