Egan Jr.,
*1216 Initially, we reject Sure Connect’s contention that Supreme Court abused its discretion in granting plaintiffs’ motion to reargue. The crux of plaintiffs’ argument in this regard was that Supreme Court misapplied this Court’s then recent decision in Randall v Time Warner Cable, Inc. (81 AD3d 1149 [2011]) and, upon further deliberation, Supreme Court agreed. Contrary to Sure Connect’s assertion, there is nothing in the record to suggest that Supreme Court considered new facts in deciding the motion; indeed, Supreme Court expressly noted that it was precluded from doing so. Under these circumstances, we discern no abuse of discretion in Supreme Court’s decision to grant reargument.
Turning to the merits, the case law makes clear that a utility pole “with [its] attached hardware, cable and support systems constitutes a structure within the meaning of [Labor Law § 240 (1)]” (Lewis-Moors v Contel of N.Y., 78 NY2d 942, 943 [1991]; see Smith v Shell Oil Co., 85 NY2d 1000, 1001 [1995]; McCoy v Kirsch, 99 AD3d 13, 16 [2012]; Ackley v New York State Elec. & Gas Corp., 8 AD3d 941, 942 [2004]; Widrig u Alltel N.Y., 281 AD2d 967, 968 [2001]; Fuller v Niagara Mohawk Power Corp., 213 AD2d 986, 986 [1995], lv denied 86 NY2d 708 [1995]). Hence, our inquiry distills to whether the overall work that Gunderman was performing involved “ ‘making a significant physical change to the configuration or composition of [a] building or structure’ ” (Weininger v Hagedorn & Co., 91 NY2d 958, *1217 960 [1998], quoting Joblon v Solow, 91 NY2d 457, 465 [1998]), thereby constituting an alteration (see Labor Law § 240 [1]; Belding v Verizon N.Y., Inc., 65 AD3d 414, 415 [2009], affd 14-NY3d 751 [2010]) or, alternatively, whether he was engaged in a “simple, routine activity” (Weininger v Hagedorn & Co., 91 NY2d at 960; see Smith v Pergament Enters, of S.I., 271 AD2d 870, 871 [2000]).
Here, the record indeed reflects that, at the time he was injured, Gunderman was in the process of upgrading the service provided to a residential customer — a task that entailed, among other things, replacing the drop line with a new cable capable of transmitting more data, performing certain indoor wire work and configuring the customer’s computer. The record does not, however, contain any meaningful description of the nature or extent of the actual work that Gunderman was scheduled to perform. Gunderman, as noted previously, has no memory of the tasks he performed that day, the technician who completed the upgrade following Gunderman’s fall apparently was not deposed and, although a Time Warner supervisor decoded the work order contained in the record on appeal, he did not offer any details regarding the actual manner in which the service upgrade was to be accomplished. Absent a more detailed description of the tasks required to complete the requested upgrade, we are unable to determine — on this record — whether the work undertaken by Gunderman on the day of his accident constituted an alteration within the meaning of Labor Law § 240 (1) (compare Weininger v Hagedorn & Co., 91 NY2d at 959-960, Schick v 200 Blydenburgh, LLC, 88 AD3d 684, 685-686 [2011], lv dismissed 19 NY3d 876 [2012], Randall v Time Warner Cable, Inc., 81 AD3d at 1151, Smith v Pergament Enters, of S.I., 271 AD2d at 871, and Bedassee v 3500 Snyder Ave. Owners Corp., 266 AD2d 250, 250-251 [1999], with Lavigne v Glens Falls Cement Co., 92 AD3d 1182, 1183 [2012], lv denied 19 NY3d 813 [2012], Rhodes-Evans v 111 Chelsea LLC, 44 AD3d 430, 432-433 [2007], and Cooper v Time Warner Entertainment-Advance/ Newhouse Partnership, 16 AD3d 1037, 1038 [2005]). Accordingly, notwithstanding the liberal construction to be afforded to Labor Law § 240 (1) in order to accomplish its remedial purpose (see Lombardi v Stout, 80 NY2d 290, 296 [1992]), the award of partial summary judgment to plaintiffs with respect to their Labor Law § 240 (1) claim was premature.
With respect to the various indemnification claims, we agree that Supreme Court erred in denying Time Warner summary judgment on its cross claim for contractual indemnification against Sure Connect. The underlying contract between Time *1218 Warner and Sure Connect provides, insofar as is relevant here, that Sure Connect “shall be responsible for its own acts and the acts of its . . . subcontractors during the performance of the [s]ervices” outlined therein and, further, that it “shall defend, indemnity [sic], and hold [Time Warner] harmless with respect to . . . any liabilities, claims, demands, damages, actions, suits[,] costs or fees arising out of or resulting from its negligent acts or omissions or those of workers furnished by it.” To impose liability upon Time Warner, the record must demonstrate that Time Warner was “directly, rather than vicariously, negligent, i.e., it must appear that [Time Warner] exercised supervisory control over [Gunderman’s] work and had actual or constructive knowledge of the unsafe manner in which the work was being performed” (Turner v Sano-Rubin Constr. Co., 6 AD3d 910, 911 [2004]).
In this regard, although the record indeed reflects that Sure Connect and its subcontractors were subject to some limited oversight from Time Warner, “the retention of general supervisory control ... is not sufficient to establish the control necessary to impose liability under the common law or the Labor Law” (id. at 912; see Biance v Columbia Washington Ventures, LLC, 12 AD3d 926, 927 [2004]). As the record before us is devoid of proof that Time Warner personnel “exerted any actual control or supervision over [Gunderman] or the manner in which [his] work was performed” (Fassett v Wegmans Food Mkts., Inc., 66 AD3d 1274, 1276 [2009]), Time Warner cannot be deemed to be directly negligent here (see Turner v Sano-Rubin Constr. Co., 6 AD3d at 911). Accordingly, Time Warner is entitled to contractual indemnification from Sure Connect (see id.).
We also agree that Sure Connect’s first counterclaim seeking contractual and/or common-law indemnification from Gunderman must be dismissed. Even assuming that the agreement contained in the record on appeal represents the actual subcontractor agreement in effect between Sure Connect and Gunderman during the relevant time period, the hold harmless provision contained therein does not — to our reading — constitute an express waiver by Gunderman of his Labor Law § 240 (1) claim. Further, the liability imposed by Labor Law § 240 (1) is absolute and nondelegable; hence, Sure Connect “cannot avoid or shift liability, wholly or in part, by alleging that [Gunderman] was at fault” (Horning v Gore, 87 AD2d 34, 36 [1982], lv denied 57 NY2d 604 [1982]). The parties’ remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.
Mercure, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. *1219 Ordered that the order entered October 4, 2011 is modified, on the law, without costs, by reversing so much thereof as (1) granted that part of the cross motion by defendant Sure Connect Cable Installation, Inc. dismissing plaintiffs’ Labor Law § 240 (1) claim, (2) denied plaintiffs’ motion for summary judgment dismissing the indemnification claim asserted against plaintiff Richard J. Gunderman by defendant Sure Connect Cable Installation, Inc., and (3) denied the motion of defendant Time Warner Entertainment-Advance/Newhouse Partnership for summary judgment on its cross claim for contractual indemnification against defendant Sure Connect Cable Installation, Inc.; said cross motion denied to that extent and said motions granted to that extent; and, as so modified, affirmed. Ordered that the order entered January 25, 2012 is reversed, on the law, without costs, and plaintiffs’ motion for partial summary judgment on their Labor Law § 240 (1) claim is denied.